## Beymer *versus* Bonsall.

1. An agent making a contract in his own name, without disclosing his agency, is liable to the other party.

2 The other party acts on the agent's credit and is not bound to yield his right to hold the agent personally merely because he discloses a principal who is also liable.

3. The principal is liable because the contract was for his benefit, and the agent is benefited by the principal being pursued by the creditor, as there can be but one satisfaction.

4. The agent cannot discharge himself afterwards by putting the creditor to his election; being already liable he can be discharged only by satisfaction.

5. The principal cannot compel the creditor to elect his action or to discharge either himself or his agent; he can defend his agent only by making satisfaction.

6. Plaintiff demurred to defendant's plea; without deciding the demurrer, the court directed the case to go to trial, reserved the question raised by the demurrer and entered judgment for plaintiff on the reserved question. *Held*, that judgment should have been entered directly on the demurrer; but that not being substantial error the judgment was treated as if so entered.

October 13th 1875.    Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Allegheny county:* Of October and November Term 1875, No. 115.

This was an action of assumpsit commenced June 2d 1871, by Sterling Bonsall against Simon Beymer.

The plaintiff declared that on the 17th of November 1870, in consideration of $1000, paid by the plaintiff to Isaac Wagner and Richard Leech, brokers and agents of the defendant, he promised to deliver to the plaintiff, at or near Pittsburg, 5000 barrels of petroleum, at any time from January 1st to June 30th 1871, upon ten days' notice to Wagner & Leech from the plaintiff, at 10½ cents per gallon on delivery; that the plaintiff, on the 12th day of June 1871, ordered Wagner & Leech to deliver 5000 barrels of petroleum, but Wagner & Leech refused to do so.

The defendant pleaded:—

1. That the plaintiff at September Term 1871 of the Court of Common Pleas of Allegheny county, impleaded Wagner & Leech on the same cause of action as that upon which the present suit was founded, and did thereby elect to acquit and discharge the defendant of the same.

2. That in the same case he recovered judgment against Wagner & Leech for $5651.25, on the same promises and undertakings.

The plaintiff demurred to the plea, and assigned as cause of demurrer:—

1. That it did not appear that because of a judgment recovered as was averred in the plea, the plaintiff has not also a cause of action against the defendant.

2. That the plaintiff did not acquit the principal by a recovery of a judgment against the agent.

The court did not decide upon the demurrer, but permitted the case to go to the jury.

On the trial the plaintiff gave in evidence the following papers :—

"Pittsburg, November 17th 1870.

"For and in consideration of the sum of $1000 to us in hand paid by Sterling Bonsall, Esq.; receipt of which is hereby acknowledged, we hereby bind and obligate ourselves to deliver to said Sterling Bonsall, or his assigns, should he or they call upon us so to do, at any time from January 1st to June 30th 1871, both days inclusive, 5000 barrels of good green merchantable crude petroleum. * * * If said oil be called for, this call becomes a contract. Ten days notice shall be given us before delivery, and said Sterling Bonsall, or his assigns, hereby agree to receive and pay for same, cash on delivery, at the rate of 10½ cents per gallon in lots, as gauged and delivered.        WAGNER & LEECH."

"Pittsburg, November 17th 1870.

"MR. SIMON BEYMER :

"By your authority, and for your account and risk, we have issued to Sterling Bonsall an instrument giving him the privilege (in consideration of his paying us $1000 cash, receipt of which you hereby acknowledge) of calling upon us to deliver to him 5000 barrels crude petroleum, any time from January 1st to June 30th 1871, both days inclusive, at or near Pittsburg. Payment to be made if the oil be called, at the rate of 10½ cents per gallon, cash on lots as gauged and delivered.

WAGNER & LEECH, Brokers.
By J. F. LEECH."

"I hereby agree to the transaction, herein described, adopt it as mine, and accept as my own all the liabilities assumed by Wagner & Leech in issuing said instrument.        S. BEYMER."

The court instructed the jury to find for the plaintiff, the facts being undisputed, subject to the opinion of the court on the question, whether under the demurrer to the defendant's pleas the judgment should be for the defendant.

The jury found a verdict for the plaintiff for $6300.

The court (Stowe, J.) afterwards entered judgment for the plaintiff on the reserved question.

The defendant took a writ of error and assigned for error the entering judgment for the plaintiff.

*G. Shiras, Jr.*, for plaintiff in error.—When the party dealing with an agent, and, with knowledge of the agency, elects to make the agent his debtor, he cannot afterwards have recourse to the

[*Beymer v. Bonsall.*]

principal: 2 Kent's Com. 633; Paterson *v.* Gandassequi, 15 East 62; Addison *v.* Gandassequi, 4 Taunton 574; Thomson *v.* Davenport, 9 B. & C. 78. Where a creditor proceeds against a factor and obtains an award of arbitration against him, it is an election to treat the factor as his debtor, and he cannot enforce the claim against the principal. Though not actual, it is legal satisfaction for the debt: Merrick's Estate, 5 W. & S. 17; Emery *v.* Fowler, 39 Maine 226; Campbell *v.* Phelps, 1 Pick. 62; King *v.* McClean, 15 N. H. 9.

*T. J. Keenan* (with whom was *D. W. Sellers*), for defendant in error.

Judgment was entered in the Supreme Court, October 28th 1875,

PER CURIAM.—Undoubtedly an agent who makes a contract in his own name without disclosing his agency is liable to the other party. The latter acts upon his credit and is not bound to yield up his right to hold the former personally, merely because he discloses a principal who is also liable. The principal is liable because the contract was for his benefit, and the agent is benefited by his being presumedly the creditor, for there can be but one satisfaction. But it does not follow that the agent can afterwards discharge himself by putting the creditor to his election. Being already liable by his contract, he can be discharged only by satisfaction of it, by himself or another. So the principal has no right to compel the creditor to elect his action, or to discharge either himself or his agent, but can defend his agent only by making satisfaction for him. We think no error was committed by the court below, except in the form of the reservation. Judgment should have been given directly on the demurrer itself and not by way of a reserved point upon it. This, however, is not a substantial error and the judgment may be treated as entered upon the demurrer.                                    Judgment affirmed.