### G. R. WIMBUSH ET AL. *v.* M. C. CHINAULT.

APPEAL. *To Supreme Court. Jurisdiction. Amount of judgment.*

If a plaintiff in the Circuit Court, upon an appeal from a justice of the peace's court, having obtained a verdict for more than $50, exclusive of costs, should remit the excess over $50, for the purpose of preventing an appeal to this court, the defendant would not be deprived thereby of his right to appeal. But where, upon a motion for a new trial in such case, made before judgment, the plaintiff enters such *remittitur*, not for the purpose of preventing an appeal, but because of the opinion expressed by the judge that the verdict is excessive and unjust so far as it exceeds $50, this court has no jurisdiction of a writ of error to the judgment rendered in accordance with the verdict as corrected, for the reason that the amount of the judgment does not reach the jurisdictional minimum prescribed by statute. A *remittitur*, in such case, entered after judgment would not prevent an appeal, as the jurisdiction of this court depends upon the amount of the judgment rendered.

ERROR to the Circuit Court of Tishomingo County.

Hon. J. A. GREEN, Judge.

The case is sufficiently stated in the opinion of the court.

*M. Green,* for the plaintiffs in error.

Does the *remittitur* defeat the jurisdiction of the court? A thorough consideration of *Scott* v. *Ward,* 57 Miss. 826, has failed to convince me of its proper construction of sect. 1334 of the Code of 1871. This section provides that " appeals to the Circuit Court shall be tried anew, provided that on *such*

*appeals*, when the amount in controversy shall exceed $20, the parties, or either of them, shall be entitled to a trial by jury; and in *all such cases* where the amount in controversy exceeds the sum of $50, either party shall be entitled to an appeal or writ of error to the Supreme Court, as in cases originating in the Circuit Courts.''

In what court must ''the amount in controversy'' exist—justice's, Circuit, or Supreme Court? The same amount is in controversy in the Circuit Court as in the justice's court, for the case is tried *anew*, and the amount in controversy is the original cause of action. When, therefore, the statute says that on *such appeals*, when the amount in controversy exceeds $20, a jury may be had, it means the amount of the original cause of action, because the amount in controversy is the original cause of action. Then the statute says, ''*and in all such cases* where the amount in controversy exceeds $50,'' a writ of error lies, as in cases in the Circuit Court. ''All such cases'' means all cases tried *de novo* in the Circuit Court on appeal. I have shown that in cases in the Circuit Court on appeal the amount in controversy is the original cause of action, hence it follows that where the original cause of action is $50 a writ of error lies.

There is no reference made in the statute to the amount of any judgment, either in the justice's, Circuit, or Supreme Court; nor to the amount in controversy in the Supreme Court. The statute treats the subject from the stand-point of the justice's court, as is clear from reading it. It is an erroneous principle of construction to change this stand-point to that of the Supreme Court. By such change, if there were any doubtful words in the statute, they might be applied to the Supreme Court when they were intended to refer to the justice's court. I submit, with deference, that the amount of the judgment in the Circuit Court has nothing to do with the jurisdiction of this court.

*Fred Beall*, for the defendant in error, filed no brief.

GEORGE, J., delivered the opinion of the court.

The defendant in error recovered before a justice of the peace, against the plaintiff, a judgment for over $50. The latter appealed to the Circuit Court, and a verdict was there rendered against the appellant for $100. He moved for a new trial, and the circuit judge, on the hearing of the motion, being of opinion that $50 was the proper amount to be recovered, the plaintiff below remitted all exceeding that amount; and the new trial being refused, execution was ordered only for $50 and costs.

The defendant below sued out a writ of error to reverse this judgment, claiming that he owes nothing; and the question for our consideration is, whether this court has jurisdiction. In *Ward* v. *Scott*, 57 Miss. 826, we held that this court had no jurisdiction to review a cause taken from a justice of the peace to the Circuit Court, where the judgment in the latter court did not, exclusive of costs, exceed $50. The judgment herein does not exceed that amount, and under the rule applied in that case we are without jurisdiction.

It is insisted, however, that as the verdict was for a greater amount than $50, it was not in the power of the plaintiff below to remit the excess, and thus deprive his adversary of the right of appeal to this court. If the *remittitur* was made for the purpose of preventing an appeal, and against the consent of the other party, it would not have the effect to deprive him of his right to have the cause reviewed in this court. But that does not appear to be the case here. The *remittitur* was entered in consequence of a motion made by the plaintiff in error for a new trial, and was caused by the decision of the circuit judge that the verdict beyond the amount of $50 was excessive. It appears, therefore, to have been caused by an opinion entertained by the circuit judge that it was necessary, to subserve the ends of justice. Supposing the circuit judge to be right in this opinion, it would be wrong to prevent the *remittitur*, and compel the party to suffer a reversal here for

an error which he was willing to correct in the court below. A circuit judge should not permit a *remittitur* to be entered at the mere will of the plaintiff, when there is no more reason for releasing the party from the amount remitted than from the remainder of the recovery, where the effect of the *remittitur* would be to deprive the party of his right to appeal; and if such action were allowed, and there appeared no good ground for it, upon proper exception taken it would be disallowed here, at least to the extent of giving the party his right to appeal. A *remittitur* entered after the judgment would have no effect to prevent an appeal, since our jurisdiction depends on the amount of the judgment. In *Thompson* v. *Butler*, 95 U. S. 694, the Supreme Court of the United States discuss the question involved in this opinion, and reach a conclusion not materially different from that reached by us.