ROBERT J. MURPHY v. WILLIAM NELSON HUTCHINSON.

[48 South. 178.]

ELECTION OF REMEDIES. *Principal and agent. Suit against either. Estoppel to sue other. Knowledge.*

A creditor, who has at his election a right of action against either a principal or an agent, and who, with full knowledge of all the facts, sues either and prosecutes his suit to final judgment, cannot thereafter sue the other and recover, although he were unsuccessful in the first suit.

FROM the circuit court of Lowndes county.

HON. ROBERT F. COCHRAN, Judge.

Murphy, appellant, was plaintiff in the court below; Hutchinson, appellee, was defendant there. From a judgment in de-

fendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court.

The plaintiff was a practicing physician and, at the employment of defendant, nothing being said as to who would pay plaintiff, rendered professional services to laborers on the farm, of defendant's mother. The farm was managed by defendant for his mother and as her agent. The suit, begun in a justice of the peace court and appealed to the circuit court, was based on an open account for the professional services. It appeared upon the trial that plaintiff had previously sued the mother, Mrs. Elonia Hutchinson, on the same account and that judgment was rendered in said suit on the merits for the defendant. The facts are further stated in the opinion of the court.

*James T. Harrison* and *McWillie & Thompson*, for appellant.

*Z. P. Landrum*, for appellee.

FLETCHER, J., delivered the opinion of the court.

The peremptory instruction in this case was manifestly based upon the theory that Dr. Murphy, being free to sue either Mrs. Hutchinson, the principal, or W. N. Hutchinson, the agent, elected to hold the principal, and, having prosecuted a suit against Mrs. Hutchinson to final judgment, was estopped to proceed against the agent, though unsuccessful in the first action. This question involves the doctrine of election of remedies, a subject on which there is considerable conflict in the authorities.

It should be stated that in this case Dr. Murphy testifies that at the time the medical services were rendered he had no knowledge that W. N. Hutchinson was acting as his mother's agent, but that the credit was extended to Hutchinson as the principal debtor. This accounts for the admitted fact that the account was charged to Hutchinson, and, of course, since Dr. Murphy was dealing with the agent of an undisclosed principal, the agent could be held to personal liability if the creditor so

desires. It is equally well settled that Dr. Murphy, after ascertaining that young Hutchinson was acting for his mother, could elect to hold the principal, even though, at the time the debt was made, there was no disclosure of the agency. Keeping these elementary principles in mind, we observe that Dr. Murphy made out his account against W. N. Hutchinson and turned the same over to his attorney for collection. The attorney advised Murphy that Mrs. Hutchinson was the owner of the plantation, and that W. N. Hutchinson was only her managing agent, and that Mrs. Hutchinson was in law responsible for the debt. The attorney states that, since he had his remedy against either party, he concluded to proceed against Mrs. Hutchinson as being the more solvent of the two, which was accordingly done. In this trial W. N. Hutchinson was subpœnaed as a witness for the plaintiff, and testified that he was acting as his mother's agent. It is therefore clear that Dr. Murphy was correctly informed as to the facts and properly advised as to the law at the time he instituted his action against the principal, Mrs. Hutchinson.

Dr. Murphy was defeated in this suit, there being an adverse verdict of the jury in the justice's court. · We have no possible way of knowing what considerations were influential with the jury; but, giving effect to all the presumptions that the law attaches to the action of every court, the plaintiff could not have been defeated because he had sued the wrong party, since the agency of W. N. Hutchinson was admitted, and there can be no dispute as to the principal's liability for the contracts of the agent, made in reference to the business which the agent was employed to perform. The presumption must therefore be indulged that Dr. Murphy was defeated in his suit because the jury was not satisfied as to the merit of plaintiff's demand, considered entirely apart from any question of which party was the responsible one. After this first suit was finally disposed of, Dr. Murphy brings a second suit upon the identical account litigated in the first action, but against W. N. Hutchinson, the

agent, relying upon the fact that he had made the account without disclosing the agency. We are therefore confronted with the question whether a creditor, free to sue either principal or agent, who elects to proceed against the principal, with full and correct knowledge both of the facts and the law governing his case, can, after prosecuting his case to judgment, bring another suit against the agent upon the identical account first sued on.

We are fully aware of the fact that our own court has been slow to give effect to the doctrine, elsewhere widely accepted, that a person with an unredressed grievance, and with two inconsistent courses open to him, will be held to have finally abandoned one of these courses merely because he has entered upon another. The doctrine, so far as Mississippi is concerned, has been carefully limited and guarded. Perhaps the fullest consideration of the question to be found in our reports is found in the opinion of Judge Campbell in response to the suggestion of error in *Madden v. Louisville, etc., R. Co.*, 66 Miss. 258, 6 South. 181. This opinion, although distinctly stating that while the doctrine of election is sound, and is to be recognized and applied by our courts in proper cases, yet it must not be applied when the party sought to be bound by the election acts without full knowledge of his legal rights as determined by the application of correct principles of law to a state of facts of which he has full knowledge.. So in *Conn v. Bernheimer*, 67 Miss. 498, 7 South. 345, it was held that, because appellee had mistakenly instituted an action of replevin in a case where that form of action would not lie, he was not precluded from prosecuting a proper action in another forum. So in *Tucker v. Wilson*, 68 Miss. 693, 9 South. 898, the doctrine was not applied, for the manifest reason that complainants in their first suit had no proper conception of the course best adapted to preserve their rights. These cases do not purport to deny the application of the doctrine to proper cases, but do so limit and restrict its application that it can prevail only when the electing party acts with full knowledge of his rights.

We cannot resist the conclusion that Dr. Murphy so acted when he brought his suit against Mrs. Hutchinson, the principal. We have shown that he was told of the agency and correctly advised as to the law governing such cases. Since our own cases do not deal with this precise state of case, let us look a little to the authorities elsewhere. Mr. Wharton thus states the rule: "In order to relieve the principal, there must be something equivalent to an election not to charge the principal; and whether there is such an election to a question of fact, which is not determined by charging the agent after the knowledge of the principal. As will presently be seen, after the agent has been sued to judgment, the right to revert to the principal by the technical rules of the English common law, is lost. But an affidavit of proof in bankruptcy, filed, but not further proceeded upon, and countermanded, is not an election precluding recourse to the principal. And it is intimated, though not decided, that, merely commencing suit against the agent does not operate as an election which discharges the principal. But if the third party accepts the individual obligation of the agent under circumstances indicating an intent, with full knowledge of all the facts, to give sole credit to the agent, and to abandon all claim against the principal, then his election will bind him, and he cannot subsequently resort to the principal. Unless this distinctly appears, however, he is not concluded by the form of the contract. There is much reason for the position that the mere taking of judgment against the agent, under such circumstances, should not, when the judgment is unsatisfied, extinguish the debt. Judge Story has given his opinion to this effect, and he cites Mr. Livermore as authority. But a subsequent English case has rejected this conclusion, maintaining that, if the agent be sued to judgment, this judgment though unsatisfied, is a bar to proceedings against the principal. The case before the court was a suit against the master on a bill of lading; but the rule was declared to apply to all suits based on the relation of master and servant."

Turning, now, to the English case referred to in the text, which, indeed, may be said to be the leading case on the subject, since it is constantly cited in nearly all the well-considered cases on the subject, we find it stated: "If this were an ordinary case of principal and agent, where the agent, having made a contract in his own name, has been sued on it to judgment, there can be no doubt that no second action would be maintainable against the principal. The very expression that where a contract is so made the contractee has an election to sue agent or principal supposes that he can only sue one of them; that is to say, sue to judgment. For it may be that an action against one might be discontinued, and fresh proceedings be well taken against the other." *Priestly v. Fernie,* 3 Hurl. & C. 977. It may be here remarked in passing that this case utterly repudiates the statement from Story on Agency, 291, referred to above in the quotation from Wharton, and demonstrates that it was based on a misconception of the doctrine announced in Livermore on Agency, 267. We think there can be no doubt that the English rule is as just stated, and that it is there well established. *Paterson v. Gandasequi,* 15 East, 62; *Addison v. Gandasequi,* 4 Taunt. 574.

Coming to the American cases, we do not find that they are in such complete accord as in England. But we think most of the authorities, holding that there can be no final election in the case of principal and agent unless judgment has actually been obtained and satisfied are based on the case of *Beymer v. Bonsall,* 79 Pa. 298. But the opinion in this case does not undertake to cite any authority or give any reason for the rule, contenting itself with the bare announcement that the agent can escape liability only by satisfying the demand. This case was referred to in *Cobb v. Knapp,* 71 N. Y. 348, 27 Am. Rep. 51, a case, however, where the only point actually decided was that the commencement of an action does not sufficiently show an election. To the same effect is *Nason v. Cockroft,* 3 Duer (N. Y.) 368, 369. But the view of the New York court, upon

full consideration, is thus expressed: "Now, according to the averments in the complaint, Poole, the agent, was liable originally, inasmuch as it is stated that he purchased the property and promised payment without disclosing his agency. So too, a right of recovery existed against O'Donoghue, the principal, when discovered; but the plaintiff, while he might elect which of them he would hold responsible, could not have a recovery against both. *Meeker v. Claghorn,* 44 N. Y. 349. In the case in hand the plaintiff, the vendor, had, according to the statement in the complaint, an undoubted option as to which he would hold liable for the goods sold. Both principal and agent were equally responsible to him. The question, then, is whether it appears that he had made a binding selection of the principal, O'Donoghue, as his debtor. Had he proceeded to judgment against the latter on the claim, he would be held concluded by his election. *Curtis v. Williamson,* 11 Eng. Rep. (Moak's notes) 149, and *Priestly v. Fernie,* there cited. But will a proceeding at law on the claim, short of judgment, be conclusive of an election? This question was considered in the cases last cited, and it was there decided that whilst a judgment against principal or agent, even without satisfaction, would constitute a conclusive election, yet that no legal proceeding short of judgment would have that effect. So Judge Oakley said in *Nason v. Cockroft,* 3 Duer (N. Y.) 368, 369, when speaking to this point, that it was clear that the mere commencement of a suit against the principal would not discharge the agent. The remark of the court in *Beymer v. Bonsall,* 79 Pa. 298, 300, is perhaps too strong. It is there said that the agent, being already liable on his contract, can be discharged only by satisfaction of it by himself or another. According to the authorities, then, the commencement of this action against O'Donoghue, the principal, no judgment having been entered against her, does not bar the plaintiff's action against Poole, the agent. The plaintiff may discontinue against O'Donoghue." *Mattlage v. Poole,* 15 Hun (N. Y.) 556.

In a somewhat earlier case the New York court of common pleas followed the English rule in saying: "If an agent make a contract in his own name, the party with whom it is made may sue the agent as principal, or, if he elect to do so, may sue the real principal. He has his option to sue either, but he cannot sue both; for, when he sues the principal, he affirms the fact that the other was acting simply as an agent." *Borell v. Newell,* 3 Daly (N. Y.) 233. The supreme court of New York in a later case laid down the rule that, while the mere bringing of a suit does not evidence a conclusive election, yet that if the first case actually proceeded to judgment, though adverse to the plaintiff, he would be precluded from instituting a subsequent suit against the other party, and in support of this statement there is cited the great authority of Chancellor Kent in *Sanger v. Wood,* 3 Johns Ch. (N. Y.) 416; *Equitable Foundry Co. v. Hersee,* 33 Hun (N. Y. 169. To the same effect is the Connecticut court in *Jones v. Ætna Ins. Co.,* 14 Conn. 501, and the Massachusetts court in *Kingsley v. Davis,* 104 Mass. 178, where it is said that, if with full knowledge of all the facts the creditor elects to hold the agent, he cannot afterwards resort to the principal. The Georgia court is in line with these authorities, holding that if the "creditor elected to go on the principal, after the fact of agency is ascertained, the agent is no longer liable." *Garrard v. Moody,* 48 Ga. 96.

Not to multiply citations, we reach the conclusion that the correct rule is summed up in the note to *Fowler v. Bowery Savings Bank,* 10 Am. St. Rep. at page 494, where, after mentioning *Beymer v. Bonsall, supra,* and other cases in line therewith, it is stated: "In regard to this latter line of authorities, it may be observed that while the mere institution of an action should plainly not conclusively determine one's election, in the case of principal or agent, yet if the action is commenced with full knowledge of one's rights, or any other case against the agent, it should be a bar to a subsequent action against the principal, and *vice versa;* for by suing the agent the third person disaffirms

the agency, while by suing the principal he affirms the fact that the other acting simply as agent."

We have not undertaken to explore the entire field of cases dealing with the doctrine of election of remedies, but have confined our observations, though not our research, to authorities dealing with the application of the doctrine to the precise point under consideration, which has to do with the law of principal and agent. Nor have we taken notice of cases like *Maple v. Cincinnati, etc., R. Co.,* 40 Ohio St. 313, 48 Am. Rep. 685, which deals essentially with actions against principal and agent, and who are also joint tort-feasors; the action being in substance one of tort. Bearing in mind the undisputed fact that the first action against Mrs. Hutchinson was brought with full knowledge of all the material facts and after correct advice as to the law, we conclude that the appellant, having made his election and had his day in court, cannot retry the same facts in an independent suit against the agent upon the identical issues before litigated, and that the learned judge below correctly gave the peremptory charge for the defendant.

*Affirmed.*