## ROBERT N. DAY ET AL. v. VIOLA TUCKER.

### [48 South. 742.]

1. TAX SALES. *Infants. Redemption. Suit in chancery.*

   An infant, whose land has been sold for delinquent taxes, may sue in the chancery court to redeem the same from the tax sale without waiting to become twenty-one years of age.

2. APPEALS. *Demurrer to bill in equity. Interlocutory decree overruling.*

   An appeal from a decree overruling a demurrer to a bill in equity is not a matter of right; its allowance is discretionary and should not be granted where it can only serve to delay the cause.

FROM the chancery court of Scott county.

HON. JAMES L. McCASKILL, Chancellor.

Viola Tucker, appellee, was complainant in the court below; Day and others, appellants, were defendants there. From a decree overruling their demurrer to the bill defendants appealed to the supreme court.

The complainant, Mrs. Tucker, an infant, suing by her husband and next friend, charged in her bill that she inherited an undivided one-half interest in the land in suit from her parents, and that during her ownership the land had been sold for delinquent taxes. The bill as amended derainged title from the United States government, through successive grantors, to complainant's parents from whom she inherited. The land was wild and uncultivated and no improvements had been made upon it by the defendants or others since the tax sale. Complainant paid to the clerk of the chancery court one-half the money necessary to redeem the entire land, and the bill prayed a redemption of complainant's undivided half interest therein from the tax sale.

The defendants demurred to the amended bill, assigning especially that the right of redemption could not be exercised by complainant before she became twenty-one years of age. The court overruled the demurrer and defendants appealed to the supreme court.


*Green & Green,* for appellants.

Under Code 1892, § 3823, applicable when the land was sold for taxes, appellee failed to make proper tender of taxes. Her tender was not to the appellants but to the chancery clerk of the county. There is no statute authorizing the clerk to have anything to do with the redemption of lands sold for taxes after the delivery of the tax-deed. The requirement of the statute law is that persons under disability shall redeem by payment not to the chancery clerk but to the purchaser of the land at tax sale. *Price v. Ferguson,* 66 Miss. 407, 6 South. 210; *Em-*

*mons v. Myers,* 7 How. (Miss.) 375; *Walker v. Brown,* 45 Miss. 616.

The right of redemption attaches only after the disability of minority is removed. Code 1892, § 3823, saves to minors the right to redeem the land "within two years after attaining full age . . . from any purchaser thereof." The general limitation is of two years, and during that period the right of redemption is general and for the benefit of whomsoever it may concern. After the expiration of this period the right is special, and is confined to those under disability at the time of the sale. With regard to minors the provision is that a right is saved to them to redeem within two years *after* attaining full age. *Metcalf v. Perry,* 66 Miss. 68, 5 South. 232; *Day v. Smith,* 87 Miss. 395, 39 South. 526; *Mills v. Adams,* 71 Miss. 150, 14 South. 462.

*William I. McKay,* for appellee.

Whatever defects existed in the original bill were cured by the allegations of the amended bill. Proper tender was made and proper deraignment of title in appellee was shown thereunder. It was proper for the appellee to make tender of the necessary amount to the chancery clerk rather than to the appellants. The clerk is the proper custodian and receiver of all funds necessary to be paid into court.

This court has always recognized the right of infants to redeem their lands from tax sales before the removal of their disabilities. *Price v. Ferguson,* 66 Miss. 404, 6 South. 210; *Wilson v. Sykes,* 67 Miss. 617, 7 South. 492.

MAYES, J., delivered the opinion of the court.

The bill states a perfect cause of action, and the demurrer thereto was properly overruled. The mistake made by the chancellor was in allowing the appeal. As held in the case of *Fire Ins. Co. v. Morrison,* 48 South. 178, and appeal from a decree overruling a demurrer is not a matter of right, but is dis-

cretionary with the chancellor. To allow an appeal in this case was an abuse of discretion, since it is manifest that it could serve no purpose except to delay the cause.

*Affirmed and remanded.*