STATE FIRE INSURANCE COMPANY v. DANIEL J. MORRISON.

APPEAL. *Demurrer to bill in equity.   Overruled.   Code* 1906, § 34. *Appeal not a matter of right.*

Under Code 1906, § 34, providing for appeals to the supreme court from decrees overruling demurrers to bills in equity, the appeal must be granted by the chancery court, or the chancellor, and is not a matter of right.

APPLICATION to the judges of the supreme court for the grant of an appeal from the chancery court of, first district, Hinds county.

HON. G. GARLAND LYELL, Chancellor.

The State Fire Insurance Company, applicant, was defendant to an equity suit brought against it in the chancery court by Morrison, complainant. The defendants'. demurrer to complainant's bill was overruled by the chancery court, whereupon it prayed an appeal to the supreme court from the decree overruling the demurrer, but the chancery court refused to grant the same.

The defendant then applied to the judges of the supreme court, under Code 1906, § 4908, empowering them to grant appeals, for the appeal which the chancery court had denied.

*McLaurin, Armistead & Brien,* for the application.

We respectfully submit that the lower court was in error in refusing the appeal asked for from the chancellor, as such an appeal is a statutory right and cannot be denied. Code 1906, § 34; *Nesbit v. Rodewald,* 43 Miss. 304; *McKee v. Coffee,* 58 Miss. 653.

The case of *McKee v. Coffee* is directly in point. It was an appeal from the lower court (chancery) which had overruled defendant's demurrer, and the supreme court was asked to dismiss its appeal. Judge COOPER delivering the opinion of the court, said "The appeal was a matter of right, under Code 1880, § 2310, and not one which the chancellor might or might not grant under Code 1880, § 2311. An examination of these sections, 2310 and 2311, Code of 1880, will show the court they are brought forward into the Code of 1892 as sections 33 and 34, into the Code of 1906 as sections 34 and 35. The distinction in the two sections is obvious. On overruling a demurrer, the party demurring may appeal to the supreme court; and as to interlocutory orders an appeal may be granted by the chancellor. In the first of these sections, the statute gives the right to appeal to the party demurring, it is a privilege he may exercise or not as he sees proper, and as said by Judge COOPER in *McKee v. Coffee, supra,* "is a matter of right and not one which the chancellor might or might not grant." Whereas, as to interlocutory

orders, the appeal may be granted to the chancellor. The distinction is so clear to us, that we will not further discuss the distinction between the two sections. If the ruling of the chancellor in denying the appeal when overruling the demurrer is right, then Code 1880, § 2310, Code 1892, § 33, Code 1906, § 34, are entirely useless, and the legislature did a vain thing, as the other sections in reference to interlocutory orders was all that was needed.

We do not deem it proper to discuss any other question in this case except the right to appeal on overruling the defendant's separate demurrer, and this seems so plain it needs no argument. The chancellor evidently got the two sections we have been discussing confused, and did not accurately comprehend the decisions of this court as to appeals from interlocutory orders being in many instances granted improvidently.

We respectfully submit that this court should under the power given it by Code 1906, § 4908, grant the appeal herein prayed for, and let the proper writ issue to the court below to send up the record. The court will notice in the last line of the section 4908, *supra,* that that statute says: "Or in any other case in which an appeal is given at any time within which an appeal may be allowed by law." This section gives full power to the supreme court to protect a litigant from the error of an inferior tribunal denying his appeal in any case.

To hold as contended for by appellant that the power of the chancellor to allow the appeal implies the power to deny the appeal, would destroy absolutely the provision as quoted above "without being first compelled to answer." These provisions considered together unquestionably make the allowance of the appeal by the chancellor the manner and mode of taking the appeal and does not confer the right upon the chancellor to deny such appeal under said section.

Code 1906, § 41, provides the "mode" of obtaining an appeal from any judgment or decree other than such as are provided for to be granted by the court or chancellor, which clearly con-

templates that those appeals that have to be granted by the chancellor under section 34 is a mere "mode" of obtaining the appeal.

*Green & Green,* against the application.

Learned counsel state that under Code 1906, § 34, the right of appeal is conferred as a statutory right and cannot be denied and cite two cases alleged to sustain this proposition. Consider the provision of Code 1906, § 34.

"Such appeal must be allowed by the court . . . but the appeal bond must be approved by the court or chancellor, or the clerk." Turning to the decisions relied upon we notice first *Nesbit v. Rodewald,* 43 Miss. 304, and this case presented an appeal from an order granting leave to file a supplemental bill, and it was held properly that such an appeal would not lie. While in the syllabus it declared that an appeal under Code 1857, art. 101, p. 555, lay as a matter of right, we call attention to the marked distinction between Code 1857, § 101, and Code 1906, § 33.

The court will instantly perceive the radical difference between the two cases and that the Code of 1857 contained no provision requiring expressly, as does that of 1906, that the appeal must be allowed by the chancellor.

The case of *McKee v. Coffee* was decided under the Code of 1880.

It will be perceived that this section also falls far short of the provisions of the Code of 1906 brought forward from the Code of 1892 whereby the law makers wisely added the last sentence, "such appeal must be allowed by the court or the chancellor."

Mayes, J., delivered the opinion of the judges denying the application.

Daniel J. Morrison filed a bill in the chancery court of Hinds county against the State Fire Insurance Company and others.

For the purpose of deciding the question presented to the court by this application, it is unnecessary to recite the facts contained in the bill. A demurrer to the bill was filed by the defendants and overruled by the chancellor. The chancellor was applied to for an appeal, under section 34 of the Code of 1906, which application was refused, whereupon an application is made to this court, under section 4908 of the Code of 1906, for the purpose of having the chancellor's action in denying the appeal reviewed.

It is urged that the appeal is a matter of right under section 34 of the Code of 1906. Unless the appeal is a matter of right, an examination of the record convinces us that the decree of the chancellor overruling the demurrer was not such an abuse of discretion as would warrant this court in granting an appeal over his refusal. Section 34 of the Code of 1906 provides that "when a demurrer shall be overruled in a chancery court, or by the chancellor in vacation, the party demurring may appeal to the supreme court, without being first compelled to answer; and, if the decree be affirmed, the cause shall be remanded, to be proceeded with according to the practice of the court; but such appeal must be applied for, and bond given, within ten days after the demurrer is overruled, if in term time, and if decided in vacation within thirty days after the decree is filed in the proper office. Such appeal must be allowed by the court or the chancellor; but the appeal bond may be approved by the court or chancellor, or the clerk."

It is seen from this section that a different mode of appeal is prescribed where the appeal is sought to be taken from a decree arising under section 34 from that provided for where the appeal is a general appeal under section 41. Where the appeal is taken under section 41, the clerk of the court where the judgment or decree was rendered is authorized to grant the appeal, except in such cases as the law provides that the appeal shall be granted by the court or chancellor. There could be no reason for making it imperative that an appeal under section 34 shall

be by the court or chancellor, unless it be that this was done in order that the chancellor might determine whether or not such appeal should be granted. It is our view of this statute that the very reason why it denies the clerk the power to grant an appeal in cases arising under it, and requires that such appeal shall only be granted by the court or chancellor, was because it was the intention of the legislature to vest the court or chancellor with the discretion to adjudge whether or not such appeal should be allowed.

The cases cited by counsel ⸺king the application for appeal have no application to the su. .te as it now exists. The decisions referred to were made before the change in the law to be found at the close of section 34.

*The petition for appeal is disallowed.*