JOHN HARVEY v. LUMBER MINERAL COMPANY.

[51 South. 209.]

CHANCERY PLEADING AND PRACTICE. *Decree overruling demurrer. Appeal. Code* 1906, § 34. *Discretion to grant.*

An appeal from an interlocutory decree of the chancery court overruling a demurrer to a pleading is not a matter of right; under Code 1906, § 34, providing for such appeals, they must be allowed by the court or the chancellor exercising a sound discretion, and should be disallowed where no question controlling the litigation is presented and where an appeal will serve only to delay the cause.

FROM the chancery court of Smith county.

HON. SAMUEL WHITMAN, JR., Chancellor.

The Lumber, etc., Company, appellee, was complainant in the court below; Harvey, appellant, was defendant there. From a decree overruling a demurrer to complainant's bill, defendant appealed to the supreme court. Since the case turned in the supreme court on the propriety of the appeal a further statement of the facts is deemed unnecessary.

Code 1906, § 34, is in these words:

"§ 34 (33) When a demurrer shall be overruled in a chancery court, or by the chancellor in vacation, the party demurring may appeal to the supreme court, without being first compelled to answer; and, if the decree be affirmed, the cause shall be remanded, to be proceeded with according to the practice of the court; but such appeal must be applied for, and bond given, within ten days after the demurrer is overruled, if in term time, and if decided in vacation within thirty days after the decree is filed in the proper office. Such appeal must be allowed by the court or the chancellor, but the appeal bond may be approved by the court or chancellor, or the clerk."

*Deavours & Shands,* for appellant.

*Hughes & Wills,* for appellee.

[Counsel discussed only the questions presented by the demurrer to the bill, making no reference to the propriety of the appeal, hence synopses of their briefs are not given.]

MAYES, J., delivered the opinion of the court.

This is an appeal under section 34 of the Code of 1906 from a decree of the chancellor overruling a demurrer. The only mistake made by the chancellor was in permitting the appeal. It has served only to delay the cause, and in all such cases an appeal should be denied. In the case of *State Fire Insurance Company v. Morrison,* 95 Miss. 639, 48 South. 178, we held that an appeal of this character was not a matter of right, but rested in a sound discretion, to be exercised by the trial court. Whenever an appeal is allowed under this section, it should present a question controlling the litigation. An appeal should not be granted, on overruling a demurrer, merely because asked for.                    *Affirmed and remanded.*