CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1911

---

LEAKE COUNTY *v.* E. CARR, SHERIFF.

[56 South. 345.]

APPELLATE JURISDICTION. *Amount. Code* 1906, *section* 86.

Under Code 1906, section 86, so providing, where a suit is brought in a justice of the peace court and appealed to the circuit court and a judgment there rendered for fifty dollars or less, the defendant against whom such judgment is rendered cannot maintain an appeal to the supreme court and such appeal will be dismissed on motion.

APPEAL from the circuit court of Leake county.

HON. J. R. BYRD, Judge.

Suit by E. Carr, sheriff, against Leake county. From a judgment against the county for twenty-five dollars it appeals.

E. Carr, sheriff, sued the county of Leake for ninety-nine dollars in the justice of the peace court on appeal

(91)

to the circuit court. Judgment for twenty-five dollars was rendered against the defendant county and it appeals.

J. L. *McMillon,* for appellant.

Appellee's motion to dismiss this appeal is not well taken in this: This is not a case originating before a justice of the peace as contemplated by section 86, Code 1906, and construed by the cases of *Ward* v. *Scott,* 57 Miss. 826, and *Wimbush* v. *Chinault,* 58 Miss. 234, but is a case that originated in the circuit court and from that court attempting under section 2178, Code 1906, to allow appellee the sum of ninty-nine dollars and fifty cents out of the county treasury. It was necessary under this section of the Code, had the allowance been legal, that the allowance of the circuit court be certified to the board of supervisors for their allowance before a warrant could be issued on it. The board of supervisors refused to allow the account as presented to them.

This kind of claim against the county is not contemplated by section 311, Code 1906. This section is intended to cover the claims over which the board of supervisors have full jurisdiction and which are filed first before the board of supervisors, therefore appellee's remedy was by appeal from the order of the board of supervisors disallowing his account. *Ex parte Webb,* 49 So. 567; *Wilkerson County* v. *Jones,* 52 So. 453; *Marshall County* v. *Lous N. Rivers, for use, etc.,* 88 Miss. 45.

Certainly appellant will not be deprived of its right of appeal given it under section 94, Code 1906, under such a subterfuge. This case as it now stands would be far reaching as against the county should the circuit court continue to so hold.

O. A. *Luckett,* for appellee.

The reply brief of appellant's counsel to our brief in support of the motion to dismiss, wherein counsel at-

tempts to escape the consequences of section 86, Code of 1906, while ingenious, still it is not borne out by the record. A bare inspection of the record in this case will demonstrate that this suit was brought before G. F. Mc-Kay, a justice of the peace of Leak county, Mississippi, and that on the trial before him the appellee recovered a small judgment from which the appellant appealed to the circuit court, and in that court a like small judgment was rendered in favor of the appellee, hence this appeal to this court.

The latter part of section 86, Code of 1906, reads thus: "In all such cases, where the amount in controversy exceeds the sum of fifty dollars, either party shall be entitled to an appeal to the supreme court, as in cases originating in the circuit court, and the plaintiff may also appeal to the supreme court in cases where the difference between his demand and the judgment in his favor shall exceed said sum."

This section prescribes the condition upon which appeal to the supreme court may be taken in cases or suits brought in the justice courts and carried by appeal to the circuit court, and there is no exception engrafted in the statute saving appellant's case, and is the same as though it be an appeal by a private citizen.

Simply because appellant is a county gives it no more rights or privileges than any other suitor, except that it may appeal without bond, and this is purely statutory.

Two remedies were opened to appellee, when the claim was rejected by the board, the one to embody all the facts in a bill of exception and to appeal directly to the circuit court, the other to bring suit before the court having jurisdiction, the latter of which he did. Section 311, Code of 1906.

But counsel for appellant says that this section is not applicable to this class of claims and cites several authorities.

The case reported in 88 Miss. 45 was an appeal from the judgment of the board by bill of exception. The suit did not originate before a justice of the peace and Judge Calhoun says, ''it was not governed by section 85, Code of 1906.''

It all depends upon how the case gets to the circuit court. Had we carried our case up by bill of exceptions, then section 86, Code of 1906, would not govern, but having sued upon the claim before a justice of the peace section 86 governs.

There is no other way out of it, in order to harmonize both sections. Section 94 allows the board to appeal, in cases were an appeal will lie, without giving bond. This section does not broaden section 85, so as to give the county a right to appeal and it is only in cases where an appeal will lie, that they can go up without bond. The cases referred to in the 49 S. R. 567, and 52 S. R. 453, were cases where the circuit court had original jurisdiction, being brought to recover the statutory reward by petition in the circuit court.

They bear no analogy to the instant case and are governed by section 32, Code 1906. We respectfully ask that the motion be sustained.

SMITH, J., delivered the opinion of the court.

This cause having reached the court below by an appeal from the judgment rendered in the court of a justice of the peace, appellant's right to an appeal to the supreme court is governed by section 86 of the Code of 1906; and since the judgment rendered against appellant, and from which the appeal to this court is taken, is less than fifty dollars, the motion to dismiss must be, and is, sustained. *Ward* v. *Scott,* 57 Miss. 826; *Wimbush* v. *Chinault,* 58 Miss. 234.                    *Dismissed.*