E. R. MONK *v.* E. D. QUARLES *et al.*

[63 South. 298.]

1. APPEAL AND ERROR. *Allowance of appeal. Perfection of appeal. Code 1906, sections 34 and 4908. Bond.*

Under Code 1906, section 4908, providing that judges of the supreme court may severally grant appeals from interlocutory decrees in chancery, a judge of the supreme court can grant an appeal from an order overruling a demurrer as provided for in Code 1906, section 34.

2. SAME.
> When such appeal is granted it must be perfected by filing a bond within ten days as provided by section 34, Code 1906, the same rule applying as in cases of appeal granted by the chancellor.

APPEAL from the chancery court of Attala county. HON. J. F. McCOOL, Chancellor.

Suit by E. R. Monk against E. D. Quarles and others. From a decree overruling a demurrer, complainant appeals.

The facts are fully stated in the opinion of the court.

*J. T. Brown* and *Flowers, Alexander & Whitfield,* attorneys for appellant.

*L. Brame,* attorney for appellees.

SMITH, J., delivered the opinion of the court.

This is an appeal from a decree rendered in term time overruling a demurrer, granted under the provisions of section 34, Code of 1906, which provides that "such appeal must be applied for and bond given within ten days after the demurrer is overruled." The demurrer was overruled on the 8th day of August. An appeal was immediately prayed for, and disallowed by the court on the next day, the 9th day of August. On the 17th day of August, on application of appellant, an appeal was granted by the writer hereof under the provisions of section 4908, Code of 1906. No appeal bond, however, was filed until the 19th day of August, eleven days after the rendition of the decree overruling the demurrer. Appellee now moves to dismiss this appeal for two reasons: (1) Because the power to grant an appeal from an order overruling a demurrer is vested solely in the chancellor, and cannot be exercised by a judge of the supreme court; (2) because the appeal bond was filed more than ten days after the rendition of the decree.

There is no merit in the first of these contentions. It is true that in *Day* v. *Tucker*, 94 Miss. 222, 48 South. 742, and in *Insurance Co.* v. *Morrison*, 95 Miss. 639, 48 South. 178, this court held that the granting of such an appeal was discretionary with the chancellor; but the court in those cases was considering, not in whom the power to grant an appeal was lodged, but whether or not such an appeal must be allowed as a matter of right.

In answer to appellees' second contention, counsel for appellant say that the limitation upon the time within which an appeal must be granted and bond filed contained in section 34 relates alone to an appeal granted by the chancery court or chancellor in vacation, and that it has no bearing upon an appeal granted by a judge of this court under section 4908. In this counsel are in error. Sections 34 and 4908 are parts of the same legislative scheme, to the completeness of which both are essential, and must therefore be construed together. The latter simply vests the power in a member of this court to grant the appeal provided for in section 34, which is an appeal that must be granted and perfected within ten days after the rendition of the decree appealed from, if rendered in term time, or within thirty days thereafter, if rendered in vacation.

*Motion sustained and appeal dismissed.*