KELLEY *v.* LADIES' AID SOC. OF PLEASANT HILL SCHOOL-
HOUSE.*

(Division B.   Jan. 11, 1926.)

[106 So. 627.   No. 25363.]

1. APPEAL AND ERROR. *Amount of judgment in circuit court on appeal from justice determines jurisdiction of supreme court.*

Amount in controversy on appeal by defendant from judgment for plaintiff in circuit court for twenty-five dollars does not exceed fifty dollars, necessary under Code 1906, section 86 (Hemingway's Code, section 66), for appeal to supreme court, though in justice court, where action originated, plaintiff had judgment for one hundred and fifty dollars, amount of its claim.

2. APPEAL AND ERROR. *Parties cannot, by consent, give jurisdiction of appeal.*

Where amount in controversy is insufficient under the statute to give supreme court jurisdiction, it cannot be given it by consent of parties.

3. APPEAL AND ERROR. *Court will, of own motion, dismiss appeal for lack of jurisdiction.*

Where supreme court is without jurisdiction, because insufficient amount in controversy, though question is not raised by parties, court will, of its own motion, raise it, and dismiss appeal.

*Corpus Juris-Cyc. References.   Appeal and Error, 3 C. J., pp. 406, n. 28; 422 n. 25; 4 C. J., p. 581, n. 38.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Action by Ladies' Aid Society of Pleasant Hill School-house against L. T. Kelley.   From the judgment for plaintiff on an appeal from the justice court, defendant appeals.   Appeal dismissed.

*D. H. Glass,* for appellant.

*Allen & Morgan,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, Ladies' Aid Society of Pleasant Hill Schoolhouse, brought this action in the court of a justice of the peace of Attala county against appellant, L. T. Kelley, to recover the sum of one hundred fifty dollars. There was a judgment in that court for the amount sued for with costs. From that judgment appellant appealed to the circuit court, where appellee recovered a judgment for only twenty-five dollars and costs. From that judgment appellant prosecutes this appeal.

Section 86, Code of 1906 (section 66, Hemingway's Code), provides, among other things, that in all civil cases originating in the court of a justice of the peace where the amount in controversy exceeds fifty dollars either party shall be entitled to an appeal to the supreme court as in cases originating in the circuit court. The statute is a limitation on the right of appeal in civil cases originating in the courts of justices of the peace. In construing this statute, it was held in *Ward* v. *Scott,* 57 Miss. 826, and *Wimbush* v. *Chinault,* 58 Miss. 234, that, if the circuit court judgment appealed from be less than fifty dollars, an appeal cannot be taken by the defendant to the supreme court, notwithstanding the amount demanded and recovered in the justice's court be greater than fifty dollars.

The judgment of the circuit court against appellant, appealed from, is not in excess of fifty dollars. By his appeal appellant seeks to have the judgment vacated and set aside. The amount of the judgment alone is involved on the appeal. The circuit court judgment represents the amount in controversy. To the same effect as the cases above cited are the cases of *Leake County* v. *Carr,* 100 Miss. 91, 56 So. 345, and *Pass Christian* v. *Lizana,* 106 Miss. 470, 64 So. 209. This court, therefore, is without jurisdiction of the appeal; and jurisdiction cannot be conferred on the Supreme Court by consent of the parties, either express or implied. *Switzer* v. *Benny,* 94 Miss. 209, 48 So. 401.

It is true this question of jurisdiction is not raised by either of the parties in this court; but that is not necessary. Where the supreme court is without jurisdiction, it will raise the question of its own motion, and dismiss the appeal. *Pickett* v. *Pickett,* 1 How. 267; *Murphy* v. *Hutchinson,* 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785, 17 Ann. Cas. 611; Id. (Miss.) 47 So. 666; *Switzer* v. *Benny, supra.*

*Appeal dismissed.*