HOME INS. CO. OF NEW YORK *v.* McFARLAND *et al.**

(Division A.   March 15, 1926.)

[107 So. 383.   No. 25611.]

APPEAL AND ERROR.  *In case originating in justice court in which plaintiff's demand exceeds fifty dollars, in which on appeal to circuit court he recovers less than fifty dollars, he may appeal to supreme court if difference between demand and judgment exceeds fifty dollars (Code 1906, section 86 [Hemingway's Code, section 66]).*

In a case originating in a court of a justice of the peace wherein the plaintiff's demand exceeds fifty dollars, and on appeal to the circuit court he recovers a judgment for less than fifty dollars, he may appeal to the supreme court provided the difference between his demand and the judgment recovered exceeds the sum of fifty dollars.   Section 86, Code of 1906, (section 66, Hemingway's Code).

*Corpus Juris-Cyc. References: Appeal and Error, 3 C. J., p. 405, n. 26.

APPEAL from circuit court of Hinds county, First district.

HON. W. H. POTTER, Judge.

For opinion on the merits see this volume, page 558.

*Chas. W. Crisler,* for appellees, on motion to dismiss.

This cause originated in the justice of the peace court and on trial in that court judgment was awarded in favor of the defendant. An appeal was prosecuted to the circuit court of the first judicial district of Hinds county, Mississippi, and on trial of this cause in that court, judgment was rendered in favor of the plaintiff in the sum of six dollars and five cents. The judgment appealed from is therefore less than fifty dollars and this case should be dismissed. *Ward* v. *Scott,* 57 Miss. 826; *Wimbush* v. *Chinault,* 58 Miss. 234; *Lee county* v. *Carr,* 100 Miss. 91, 56 So. 345; *City of Pass Christian* v. *Lizana,* 64 So. 209.

Section 86, Code of 1906 (section 66, Hemingway's Code) contains a concluding sentence which reads as follows: ''And the plaintiff may also appeal to the supreme court in cases where the difference between his demand and the judgment in his favor shall exceed said sum.'' This provision was added to the original statute and first appears in section 85, Code of 1892. It will be noted by the court that all of the decisions a-bove mentioned have been handed down by this court subsequent to said date. These decisions, therefore, settle the proposition to the effect that where the judg-ment, in such a case originating in the justice court and appealed to the circuit court, does not exceed the sum of fifty dollars, the supreme court will have no juris-diction on an appeal therefrom.

*Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant, on motion to dismiss the appeal.

The last phrase of section 86, Code of 1906 (section 66, Hemingway's Code) is in these words: ''And the plaintiff may also appeal to the supreme court in cases where the difference between his demand and the judg-ment in his favor shall exceed said sum,'' said sum be-ing fifty dollars. This statute completely answers the

motion. The plaintiff sued for one hundred sixteen dollars and some cents; the judgment in its favor is for six dollars.

Appellee's attorney correctly states that the quoted statutory phrase first came into our law when the Code of 1892 became operative, and then cites in support of his motion, *Ward* v. *Scott,* 57 Miss. 826, and *Wimbush* v. *Chinault,* 58 Miss. 234, although both cases were decided before the adoption of the Code of 1892. And besides, the appeal to this court in each of said cases was by the defendant to the suit and not by the plaintiff, as in the case at bar.

The statutory phrase gives rights to plaintiffs and not to defendants. The most recent decision of this court based upon the statute is *Kelly* v. *Ladies Aid Society of Pleasant Hill Schoolhouse,* 106 So. 627, a case in which we declined employment by appellant because we knew this court had no jurisdiction of it. It was rightfully decided because the appeal to this court was by the defendant.

Smith, C. J., delivered the opinion of the court.

This case comes on to be heard on motion of the appellees to dismiss the appeal for the reason that the amount in controversy does not exceed the sum of fifty dollars. The case originated in the court of a justice of the peace, and the amount for which the plaintiff sues is one hundred sixteen dollars. In due course the case reached the court below, in which a judgment was rendered for the plaintiff for six dollars and eighty-five cents, from which the plaintiff has appealed to this court.

The appellees' contention is that the amount of this judgment is the amount in controversy on this appeal but under the statute, section 86, Code of 1906 (Hemingway's Code, section 66), the amount in controversy is not the amount for which the plaintiff obtained judgment, but is the difference between the amount sued for and the judgment recovered by him.

Prior to the Code of 1892, the provision of the statute was that "where the amount in controversy exceeds the sum of fifty dollars, either party shall be entitled to an appeal, to the supreme court, as in cases originating in the circuit court" (Revised Code, 1880, section 2354); but in 1892 there was added thereto a provision that "the plaintiff may also appeal to the supreme court in cases where the difference between his demand and the judgment in his favor shall exceed said sum." Section 85, Code of 1892. The cases of *Ward* v. *Scott,* 57 Miss. 826; *Wimbush* v. *Chinault,* 58 Miss. 234; *Leake County* v. *Carr,* 56 So. 345, 100 Miss. 91; *City of Pass Christian v. Lizana,* 64 So. 209, 106 Miss. 470; *Kelly* v. *Ladies' Aid Society* (Miss.), 106 So. 627—are not in point here. The first two were decided prior to the adoption of the Code of 1892, and in all of them the appeals were by the defendants.

As the difference between the plaintiff's demand and the judgment recovered is more than fifty dollars, an appeal by the plaintiff will lie.

*Motion overruled.*