QUITMAN COUNTY *v.* MILLER, STATE REVENUE AGENT.[*]

(Division B.   May 21, 1928.)

[117 So. 262.   No. 27170.]

*Corpus Juris-Cyc. References: Election of Remedies, 20CJ, p. 17, n. 15.

*Gore & Gore,* for appellant.

842

*Lowery & Lamb* and *E. E. Boone,* for appellee.

844

Argued orally by *W. E. Gore,* for appellant, and *P. H. Lowrey,* for appellee.

ETHRIDGE, P. J. This is an appeal from a judgment awarding the revenue agent the sum of two thousand six hundred six dollars and ten cents as the commission of said revenue agent in bringing suit against W. E. Gore and wife for the return of money by W. E. Gore and wife into the county treasury, being money borrowed by them from a certain fund of the county and alleged to have been unlawfully loaned to them.

It appears that in a former suit against Gore and wife the revenue agent also sued the members of the board of supervisors of Quitman county as individuals and on their bonds for the money so loaned to Gore and wife. The court, in that case, dismissed the suit as to the members of the board of supervisors and on final hearing entered judgment in Gore's favor, from which the revenue

agent appealed to this court, where the judgment was reversed and judgment entered against Gore for the commission of the revenue agent and for attorney's fees.

It appeared also in that case that, after the institution of the suit against Gore and wife by the revenue agent, Gore paid all the money received from the county, with interest, to the board of supervisors, or into the county treasury, and the board of supervisors received same and surrendered the deed of trust evidencing the loan and marked same canceled of record, and that the revenue agent then demanded of the board of supervisors that he be allowed twenty per cent. commission on the amount so paid to it, which the board refused to allow. The revenue agent then proceeded against Gore and wife with the result above stated.

For some reason, the judgment against Gore was not collected, and judgment was not rendered against Mrs. Gore, and, as stated, the judgment against W. E. Gore appears to be unsatisfied. After reducing this claim for commission to judgment in the original suit against Gore, the revenue agent again filed his claim with the board of supervisors, which the board again refused to allow, and the present suit was instituted against the county for the amount of said commission. The defendant county pleaded the general issue, and filed a special plea setting forth the history of the litigation in the other case, and a plea that, by pursuing said suit to judgment against Gore for the commission, the revenue agent, appellee, had elected his remedy, and that he was bound by such election and his rights were limited to the judgment then obtained against Gore for said commissions. This judgment against W. E. Gore proceeded upon the theory that Gore had wrongfully paid the money into the county treasury, and that it was his duty to have paid it to the revenue agent, which contention was supported by the case of *Miller* v. *Henry,* 139 Miss. 651, 103 So. 203, wherein the court held as follows:

"It was held in *Adams* v. *Bolivar County*, 75 Miss. 154, 21 So. 608, that the revenue agent, having given the required notice, was entitled to his compensation whether suit had been brought or not, if his investigation was the cause of the money being paid over by the defaulting taxpayer, and that the revenue agent could not be deprived of his commissions, by the defaulting officer paying the money into the treasury. Under the statute, the revenue agent is entitled to recover for the state eighty per cent. of the amount due by the defaulting officer, and for himself twenty per cent. of the amount. The state has no interest in his commission of twenty per cent. Appellee had no right to pay the five hundred dollars into the state treasury. In fact, it would have been more regular under section 4739, Code of 1906, section 7057, Hemingway's Code, if the entire amount had been paid over to the revenue agent. He was authorized to collect it with or without suit, and, when collected, his interest in the collection was twenty per cent. of the amount. He was not required to pay the whole amount into the state treasury, and then make claim against the state, if that could be done for his commission of twenty per cent. Appellee, by paying into the state treasury appellant's commissions, did not acquit himself of his obligation under the law to appellant. He was due to pay that to appellant and no one else."

It was then clearly Gore's duty, in the former suit, to have paid the money to the revenue agent who was authorized by law to receive same. Under this decision, he was bound to pay the revenue agent his twenty per cent. commissions. Inasmuch as Gore did not pay the revenue agent his twenty per cent. commissions, but paid it into the county treasury, Miller, the revenue agent had two available remedies before him. He had a right to sue the county for the commissions so received by it and he had a right to sue Gore for the commissions, but Gore and the county were not jointly liable for these commis-

sions. Either, but not both, were liable. Therefore Miller, the revenue agent, had two inconsistent remedies available to him. He chose to pursue one against Gore, prosecuted the suit, and obtained final judgment against Gore for his commissions. Miller is bound by this election and cannot now proceed against the county. *Murphy* v. *Hutchinson*, 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 786, 17 Ann. Cas. 611.

The principles governing this case were fully and elaborately discussed in *Murphy* v. *Hutchinson, supra,* and, after reviewing the authorities fully, the court said:

"Not to multiply citations, we reach the conclusion that the correct rule is summed up in the note to *Fowler* v. *Bowery Savings Bank*, 10 Am. St. Rep. at page 494, where, after mentioning *Beymer* v. *Bonsail* [79 Pa. 298], *supra,* and other cases in the line therewith, it is stated: 'In regard to this latter line of authorities, it may be observed that while the mere institution of an action should plainly not conclusively determine one's election, in the case of principal or agent, yet if the action is commenced with full knowledge of one's rights, or any other case against the agent, it should be a bar to a subsequent action against the principal, and *vice versa;* for by suing the agent the third person disaffirms the agency while by suing the principal he affirms the fact that the other was acting simply as agent."

See, also, *Fowler* v. *Bowery Savings Bank*, 113 N. Y. 450, 21 N. E. 172, 4 L. R. A. 145, and note, 10 Am. St. Rep. 479, and note; *Crook* v. *First National Bank*, 83 Wis. 51, 52 N. W. 1131, 35 Am. St. Rep. 17; *Wood* v. *Claiborne*, 82 Ark. 514, 102 S. W. 219, 11 L. R. A. (N. S.) 913, 118 Am. St. Rep. at p. 92; *Rives* v. *McNeil*, 127 Miss. 839, 90 So. 595; and *Capital City Bank* v. *Hilson*, 64 Fla. 206, 60 So. 189, Ann. Cas. 1914B, 1211.

It follows from what we have said that it was error for the court below to have permitted the judgment

against the county, and therefore the judgment will be reversed and judgment entered here for the appellant. Reversed, and judgment here for appellant.

*Reversed.*