## JAMES v. WILLIAMS FURNITURE CO.

(Division B. October 12, 1931.)

[137 So. 101. No. 29436.]

A. M. Edwards, of Mendenhall, for appellant.

J. P. and A. K. Edwards, of Mendenhall, for appellee.

Briefs not on question decided by the court.

Anderson, J., delivered the opinion of the court.

Appellee brought this action in the court of a justice of the peace of Simpson county against appellant, on a sworn, itemized account for goods, wares, and merchandise theretofore sold and delivered by appellee to appellant. The amount sued for was forty-six dollars and fifty cents, with interest at eight per cent from January 29, 1927. The account had been much larger, and had been paid down to that amount. Appellant filed the following plea in recoupment: "Comes the defendant in the above styled case and files this his plea in recoupment, and says that he is entitled to recover of and from the plaintiff the sum of one hundred fifty dollars on account of inferior goods sold by plaintiff to defendant, and for the further reason that plaintiff guaranteed the said goods sold which are the basis of this suit, which under

the law he is bound to make good to this defendant. Therefore this plaintiff is indebted to defendant in the above sum of one hundred fifty dollars for which he demands judgment together with costs.''

There was a judgment rendered in the court of the justice of the peace in appellee's favor, from which judgment appellant appealed to the circuit court, where a judgment was again rendered in appellee's favor for the amount sued for, forty-six dollars and fifty cents, with interest, making fifty-one dollars and forty-six cents; and from that judgment appellant prosecutes this appeal.

Under section 67 of the Code of 1930, this court is without jurisdiction of appeals of causes originating in the courts of justices of the peace, unless the amount in controversy exceeds the sum of fifty dollars. The question is whether the amount in controversy here exceeds that sum. It will be observed that the principal sued for was only forty-six dollars and fifty cents; that the recovery above that amount was for interest. The limit provided for appeal of a cause originating in the court of a justice of the peace has reference to the debt, demand, or damages involved in the litigation, and not the interest on the judgment, or the costs of the cause. N. O., J. & G. N. R. R. Co. v. Evans, 49 Miss. 785; Jackson v. Whitfield, 51 Miss. 202; Ward v. Scott, 57 Miss. 826; Davis v. Holberg, 59 Miss. 362; Kiernan v. Germaine, 62 Miss. 75.

Is the difference between the account sued on, forty-six dollars and fifty cents, with interest, and the one hundred fifty dollars with which appellant undertook to defend the cause by way of recoupment, the amount involved on this appeal? This question must be answered in the negative, because under the law there can be no recovery over on a plea of recoupment. Recoupment is purely a defensive claim, and cannot be used offensively in the law courts. The defendant may use such a claim

to extinguish the plaintiff's claim upon which suit is brought, but not to recover a judgment over against the plaintiff for any difference in his favor. That is the difference between recoupment and set-off. Sterling Products Co. v. Watkins-Gray Lbr.' Co., 131 Miss. 145, 95 So. 313; Hoover' Commercial Co. v. Humphrey, 107 Miss. 810, 66 So. 214; Amory Tel. Co. v. Cox, 103 Miss. 541, 60 So. 641; Hayes v. Slidell Liquor Co., 99 Miss. 583, 55 So. 356; Fowler v. Payne, 52 Miss. 210.

This question of jurisdiction is not raised by either party; it is raised by this court of its own motion. Where the amount in controversy in a cause is insufficient under the statute to give the Supreme Court jurisdiction, it cannot be given by consent of the parties; and where the Supreme Court is without jurisdiction, it will of its own motion raise the question and dismiss the appeal. Kelley v. Ladies' Aid Society, 140 Miss. 580, 106 So. 627; Pickett v. Pickett, 1 How. 267; Murphy v. Hutchinson, 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785, 17 Ann. Cas. 611.

Appeal dismissed.