## Wm. L. and R. R. McLendon v. W. N. Pass.

1. JURISDICTION. *Separate demands against defendant.*
   A plaintiff having two or more separate causes of action against a defendant, springing out of several and distinct transactions, each of which is within the jurisdiction of a justice court, may institute separate suits thereon in such court, although the aggregate of the demands exceeds the sum of one hundred and fifty dollars.

2. SAME. *Consolidating suits. Costs.*
   Where such separate suits are brought in a court having jurisdiction of each, and also of the aggregate, of the demands, the court should protect the defendant against unnecessary costs by consolidating the suits; and if the motive is to harass the defendant, the plaintiff should be taxed with all unnecessary costs.

APPEAL from the circuit court of Grenada county.

Hon. C. H. CAMPBELL, Judge.

The facts appear in the opinion of the court.

*A. H. Whitfield,* for appellants, contended that the two suits were independent of each other, arising out of *two separate contracts,* made at different times, and the case of *Pittman* v. *Chrisman,* 59 Miss. 124, and cases cited therein, are conclusive of the right to maintain separate suits.

*J. C. Longstreet,* for appellee.

The facts disclose a manifest attempt to evade the rule against the division of claims, the multiplicity of suits, and the unnecessary accumulation of costs; also an effort to gain a speedier trial than the proper proceeding would have allowed.

The suits are in favor of the same plaintiff, against the same defendant, brought in the same court, and at the same time. If Pass, the merchant, is liable at all to plaintiff, his liability is an *entire* one, and grows out of his purchase of the cotton on which plaintiffs had a lien. There is no privity between Pass and the appellants,

and he was not a party to any of the contracts with the tenant. The demand of plaintiffs was indivisible, and two separate suits violated the rule repeatedly declared in this court, from *Ash* v. *Lee,* 51 Miss. 101, to the time of the last decision on the subject.

Cooper, J., delivered the opinion of the court.

The appellants brought two suits against the appellee before a justice of the peace. In each case the sum demanded was less than one hundred and fifty dollars, but the sum of both exceeded that amount. The justice dismissed both suits for want of jurisdiction, and the plaintiffs having appealed to the circuit court, like judgments were rendered, from which this appeal is taken. The agreed facts are that plaintiffs rented to one Rook a certain farm for the year 1885, at the sum of one hundred dollars, and that the tenant failed to pay the rent, but sold the crops raised on the demised premises to the defendant, Pass. For the year 1886 a separate, but like, contract was made, and the tenant again failed to pay the rent, and sold the crops of that year to Pass. One suit is to recover the value of the crops sold in 1885, and the other for that of the year 1886. Both suits were instituted on the same day. The court below proceeded on the theory that the plaintiffs had split a single cause of action, and since the justice would not have had jurisdiction over one suit for the whole claim, he did not have jurisdiction over two suits for the same demand.

The rule that one having a single cause of action may not divide it, and thereby confer upon a court of limited jurisdiction power to hear and determine the several suits, is well settled; but it does not follow that one who has two or more separate and distinct causes of action, over which the inferior court has jurisdiction, must, in the interest of the defendant, combine them all in one suit in another court. The test is whether there is a single right of action, or more than one. One may have a single right of action embracing many items, or he may have a separate right to sue for each of several demands. In one case he must recover in one action ; in the other he may sue in separate suits for each demand, the latter right limited, however, by the rule that if he sues in

several suits in a court having jurisdiction of each suit, and also of one suit involving all the demands, the court, to protect the defendant against unnecessary costs, will consolidate the suits, and if the plaintiff's motive in bringing many suits is to harass his adversary, will tax him with the costs unnecessarily incurred. In this case the plaintiffs' rights of action sprang from several and distinct transactions; the one was complete before the other existed, and has no connection with or relation to it. Under such circumstances, separate suits may be maintained. *Grayson* v. *Williams,* Walker's R. 298; *Ash* v. *Lee,* 51 Miss. 101; *Pittman* v. *Chrisman,* 59 Miss. 124. In the latter case we expressed our disapproval of the decisions in the cases of *Scofield* v. *Pensons,* 26 Miss. 402, and *Mobile and Ohio Railway Company* v. *The State,* 51 Miss. 137. Those decisions are no longer of authority.

*The judgments are reversed, and causes remanded.*