### WILLIAM DRYSDALE *v.* BILOXI CANNING CO.

1. JURISDICTION. *Distinct demands. Separate suits. Justice of the peace.*

   A creditor may not divide a cause of action, though consisting of different items, and bring several suits. Having distinct demands against the same debtor, he may unite them in one suit, but he is not compelled to do so, and may maintain a separate action on each. The holder of two bills of exchange, each less than $150, maturing at different dates, may, at the same time, sue out an attachment before a justice of the peace on each demand, though the aggregate of the two exceeds $150, and a single suit therefor was maintainable in the circuit court. *McLendon* v. *Pass*, 66 Miss. 110, cited.

2. ATTACHMENT. *Levy on land. Return. Presumption. Code* 1880, § 2424.

   In a bill to vacate a judgment in attachment, where the return on the writ is sufficient as showing a levy on wild or unoccupied land, and insufficient to show a levy on land that is occupied or cultivated, if the character of the land is not made to appear, it will be assumed that the land was unoccupied, and the return will be upheld as showing a valid levy on such land.

3. SAME.   *Notice.   Failure to file affidavit of defendant's address.   Void judgment.*
   *Cancellation.*
   In an attachment case based on the non-residence of defendants, where
   there is no return showing service of process on him, and no affidavit is
   filed showing his post-office address or diligent inquiry to ascertain it
   without success, as required by § 2437, code 1880, although publication
   is made and notice is mailed to the address of the defendant in another
   state, a judgment by default will be void, and a conveyance of land
   thereunder will be cancelled as a cloud at the suit of the defendant.

FROM the chancery court of Harrison county.

HON. SYLVANUS EVANS, Chancellor.

The bill in this case was filed by the appellant, Drysdale, to can-
cel as clouds upon his title certain deeds held by the appellee under
attachment suits by which the land of appellant was condemned
and sold, being bought in by the appellee.   These attachment suits
are set out in the opinion of the court.   As stated in the opinion,
there was no return of service of process as to the defendant in
attachment (appellant), nor was any affidavit filed, showing his
post-office address or diligent inquiry to ascertain it, as required by
the statute.   But there was an affidavit in each case showing the
posting of notices as required, and the mailing of a copy to the
defendant at Selma, Alabama.   In the bill the complainant alleges
that he is " a resident citizen of the town of Selma, in the state of
Alabama."   He does not state whether he received this notice or
not, but claims that he did not have proper constructive notice.

As to the manner in which the attachments were levied and the
character of the land, the allegation of the bill is as follows:
" Your complainant avers and charges the fact to be true that
Caleb Burton, constable, to whom both writs of attachment were
handed for execution, wholly failed and neglected to go to the
house or land of said defendant, or to the house of the person or
persons in whose possession the two pieces of land were, and then
and there declare that he attached the same at the suit of the
plaintiff in the writ named," etc.

Section 2424, code 1880, among other things, provides as fol-
lows : " Every writ of attachment shall be executed in the following
manner, that is to say, in case of a levy on real estate the officer

shall go to the house or land of the defendant or to the person or house of the person in whose possession the same may be, and then and there shall declare that he attaches the same at the suit of the plaintiff in the writ named. But in the event the land is wild, uncultivated or unoccupied, a return upon the writ by the proper officer that he has attached the land, giving a description thereof by numbers, metes and bounds, or otherwise, shall be a sufficient levy without going upon the land." The prayer of the bill was, " that the said writs of attachment, the judgments, executions, and the two deeds held by the defendant be declared null and void, and that the same be cancelled" and for general relief.

The defendant filed an answer, which, upon motion, was stricken out as being filed out of time, and afterwards a decree *pro confesso* was entered against the defendant. But on final hearing the court dismissed the bill. A further statement of the case is contained in the opinion of the court.

*R. Seal,* for appellant.

1. As the aggregate of the two bills of exchange exceeded $150, the circuit court had jurisdiction, under § 14, art. vi., of the constitution. The attaching creditor could not by splitting up the amount give the justice court jurisdiction. Walker (Miss.) R. 298 ; 51 Miss. 101 ; 59 Ib. 124. Section 23, art. vi., of the constitution, limits the jurisdiction of justices of the peace to cases in which the principal of the amount due does not exceed $150.

2. The attachment writs were not properly levied. Code 1880, § 2424 ; 49 Miss. 549.

3. The defendant was not served with process. Code 1880, §§ 2472, 2473.

*Pro confesso* was taken against the defendant, and appellant was entitled to a decree.

*Calhoon & Green,* on the same side.

1. The justice court had no jurisdiction, the aggregate of the debts being more than $150. Code 1880, § 2415. The circuit court had jurisdiction, in one suit. It is not the policy of the law to permit a party to be harassed by a multitude of law suits.

2. The officer did not follow the statute, and the levy was a nullity. Code 1880, § 2424; *Crizer* v. *Gorren,* 41 Miss. 563; *Tucker* v. *Byars,* 46 Ib. 549; *Sherman* v. *Bank,* 66 Ib. 648. The statute must be strictly followed.

3. The publication for defendant was a nullity. He was not served, and there was no affidavit showing his post-office address, or that it could not be ascertained upon diligent inquiry. Code, §§ 2423, 2437, 2472; *Foster* v. *Simmons,* 40 Miss. 585; *Ingersoll* v. *Ingersoll,* 42 Id. 155.

WOODS, C. J., delivered the opinion of the court.

Appellee sued out two attachments against appellant on the same day before a justice of the peace of Harrison county, alleging, in one case, an indebtedness of appellant evidenced by an accepted bill of exchange, of January 6, 1888, for $147.55, and in the other case, an indebtedness of appellant evidenced by another bill of exchange, of December 27, 1887, for $147.50—both on the ground of non-residence of the defendant. There was judgment by default in each case at the return term for the amount claimed. There was no return by the officer executing these writs showing whether the defendant therein had or had not been found. Indeed, the officer made no return whatever as to execution of process upon the defendant. There was no affidavit made by the plaintiff below setting forth defendant's post-office address, beyond the limits of this state, nor any affidavit stating an inability to ascertain such address. The levy of both writs, as shown by the officer's return, was a sufficient levy upon wild or unoccupied real estate, but was insufficient as a levy upon cultivated or occupied realty. A judgment was rendered, as has been stated, in both cases in the justice's court against Drysdale, the defendant below. Executions were issued upon these judgments, and the lands sold under them and the same purchased by the canning company, the plaintiff in these proceedings, and deeds were made accordingly by the officer selling under the executions.

The appellant thereafter exhibited his bill in the chancery court of Harrison county praying a cancellation of these deeds as clouds

upon his title. A decree *pro confesso* was taken against the appellee, and on final hearing the appellant's bill was dismissed without prejudice, and from this decree the complainant in the chancery court appeals to this court.

It is assigned for error that the justice of the peace, in the original suits, was without jurisdiction, and that the judgments were therefore void. It is asserted by appellant's counsel that both debts, evidenced by the separate bills of exchange, being due, and both aggregating a sum exceeding $150, they could be the basis of but one attachment suit, and that such suit was triable only in the circuit court.

While the aggregate of the two debts exceeds $150, as stated by counsel, yet the amount of each debt or demand does not exceed $150. This was clearly an instance of the creditor having two separate, distinct causes of action. There was not one cause of action, made up of several items. It was not a case of cutting up one cause of action, whereby several suits were improperly made possible, by reason of thus dividing up the items in one original cause of action. There were two bills of exchange, accepted at different times, maturing at different times, and for different amounts, and they were indubitably suable at different times. The creditor might have sued upon both in one action in the circuit court, if he had so elected; but it is impossible to see why he should not be permitted to sue separately in any appropriate form of action that would most surely and most quickly enable him to collect his debt, in any court having jurisdiction of each separate demand. We are of opinion, then, that the justice had jurisdiction of the suits. *McLendon* v. *Pass*, 66 Miss. 110.

It is also assigned for error that the levy in each case in the attachment suits, by the officer holding the writs, was a nullity, the return of the officer not showing that he "went to the house or land of the defendant, or to the person or house of the person in whose possession the same may be, and then and there declared that he attached the same at the suit of the plaintiff." Granting that the levy, as shown by the return of the officer endorsed on the writ, is of the vicious character claimed by appellant's counsel as a levy upon cultivated or occupied land, yet it is good as a levy upon

wild or unoccupied land. The bill of complaint filed by Drysdale, the appellant, contains no averment that the lands in question were cultivated or occupied, and we must treat it, therefore, as a valid levy on wild or unoccupied land.

The contention of appellant touching the irregularity and invalidity of the publication and notice to the defendant in the attachment suits before the justice of the peace, appears to be well taken. Sec. 2423, code 1880, provides that " if the defendant can be found, the said officer shall also summon him to appear and answer the action." This requirement of law was wholly ignored by the officer, and his return on the writ wholly fails to disclose whether the defendant could be found in his county. There was a total omission by the officer to either summon the defendant or show that he could not be found. In the affidavit for the attachment writ the plaintiff below had stated under oath that Drysdale, the defendant, was a non-resident, but neither in that affidavit nor elsewhere in the record does it appear that any showing was made as to his post-office address, in the state of his residence. The proviso to § 2437 makes it imperative upon the attaching creditor to " file with the proper officer his affidavit, if the affidavit for the attachment does not contain such statement, showing the post-office of the defendant, or that he has made diligent inquiry to ascertain it without success," and § 2472 of the code makes the provision just quoted applicable to suits in attachment before justices of the peace. The flagrant disregard of these plain statutory requirements, designed to give a non-resident defendant notice of the pendency of an attachment suit against him, must be held to vitiate and nullify all subsequent proceedings in the case. Without any former adjudications on this point (and there are several in our reports), it seems incredible, almost, that any sane suitor should begin proceedings under our attachment laws, and hope to win in a legal contest in despite of his gross neglect of the simplest and plainest provisions of the statute on the subject of attachments.

From the record, as it appears here, the appellant was entitled to have the relief prayed for in his bill.

*Reversed and decree here for appellant.*