## RIVES v. MCNEIL.

[90 South. 595, No. 22372.]

1. CANCELLATION OF INSTRUMENTS. *Refusal to cancel deed where defendant offered to quitclaim to complainant held error.*

   Where complainant in a former suit procured a decree cancelling deed of another party to land, and where during the pendency of such suit the attorney for defendant took a deed absolute in form as security for his fee; and in suit to cancel the deed so taken offers in his answer to quitclaim to complainant and disclaims ownership, the deed being of record, it was error for the court to refuse to cancel such deed.

2. ELECTION OF REMEDIES. *Proceeding to judgment against a third party for rent with knowledge that defendant collected rents and accounted to such party held an election to look to third party.*

   Proceeding to judgment against a third party for rent with knowledge of all material facts as to defendant's collection of rents for use of such third party, and an accounting by defendant to third party for money so collected, constitutes an election, and binds complainant and estops him thereafter from proceeding against defendant. *Murphy v. Hutchinson,* 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785, 17 Ann. Cas. 611, cited.

APPEAL from chancery court of Copiah county.

HON. V. J. STRICKER, Chancellor.

Bill by H. W. Rives, executor, against M. S. McNeil. Complainant's bill was dismissed, and complainant appeals. Reversed in part and affirmed in part, and judgment rendered.

*Miller & Hendrick, Fulton Thompson* and *R. H. & J. H. Thompson,* for appellant.

On the face of the pleadings, treating the plea and answer of the defendant as properly joined, the complainant was entitled to relief. Certainly he was entitled to a decree canceling and annulling the deed from Burrage to McNeil.

This seems to us to be so plain that we fear the presentation of argument on the subject will be unwarranted. We will, however call the court's attention to the following facts:

1. Neither the plea nor the answer of the defendant deny or put in issue the charges of the bill showing complainant to be the true and real owner of the lands, having a perfectly legal and equitable title to the lands in suit, and the utter invalidity of the deed from Burrage to McNeil.

2. McNeil acquired the deed to the land as a security for his fee for defending the suit of *Rives, Executor* v. *Burrage et al,* and this he did before the time for appealing from the chancery court decree in that case had expired, of which he had full knowledge; he was not an innocent purchaser of the lands for value; he paid nothing for them; his deed was merely a security for a pre-existing debt, and his debt had fully been paid, thus rendering his deed of no effect, divesting whatever title, if any, which passed by the deed to him.

3. McNeil's pleadings show that he had no interest in the land at the time this suit was begun. Whatever interest, if any, he may have had was reinvested in Burrage, and the final decree against Burrage estopped all claims that Burrage was the owner of any interest in the land.

4. McNeil disclaims all interest in the lands by his pleadings; he even offers by quitclaim deed to convey the same to the complainant.

Notwithstanding all these facts, the court below denied complainant all relief; not only denied him a recovery of rents, but as well refused to cancel McNeil's deed as a cloud upon complainant's admitted title, a complete and perfect one, to the lands.

The plea was bad and the exceptions to it should have been sustained, and this is true even if the plea and the answer be treated as one pleading.

1. The plea and the answer were to the entire bill and did not present or pretend to present a defense to every

part of the bill of complaint. It or they in no way presented a defense to the primary purpose and object to the bill, the cancellation of the deed from Burrage to McNeil as a cloud upon complainant's title and the confirmation of complainant's title to the lands; in fact, the answer admitted the complainant to be entitled to this relief; that complainant was entitled to be adjudged the true, legal and equitable owner of the lands and to have defendant's deed to them cancelled. Defendant's pleadings did not controvert the decree in the first suit, Exhibit "A" to the bill of complaint, by which complainant's title was decreed against Burrage and his co-defendants to the first suit. Defendant's pleadings purported only to be and were designed alone to present a defense or defenses to the complainant's claim and for a recovery of rents, nothing else.

2. Defendant's pleading sought to present the doctrine of election of remedies as a defense, and to aid the facts pleaded the answer asserts that McNeil collected rents as the agent of Burrage seeking thereby to make applicable to this case the decision of this court in *Murphy* v. *Hutchinson,* 93 Miss. 643.

In respect to this effort we have to say:

(A) The averment of the answer that McNeil collected rents as the agent of Burrage is disproved by the facts pleaded by McNeil. The defendant shows that the deed made to him by Burrage was a mortgage to secure the payment of his fee in the first suit. If the deed were a mortgage as averred by defendant he was not the agent of Burrage to collect rents for him; McNeil was a mortgagee in possession and collected the rents for himself and not for Burrage, the mortgagor. McNeil's duty as a mortgagee in possession was to restore the land to Burrage, the mortgagor as soon as the mortgage debt was paid. There may have been something in the nature of a trusteeship not an agency, requiring McNeil to deal fairly with Burrage, but they occupied antagonistic positions each caring for his own interest and acting for himself. Neither

acted as agent or servant of the other. The acts of neither were the acts of the other and hence the relation of principal and agent did not exist between them.

(B)   The complainant did not deal with McNeil either personally or as an agent of any other person, known or unknown. No contract was made between them. McNeil and Burrage were each liable to complainant for the rents collected by them respectively, and if they collected rents for the same time they were jointly and severally liable to complainant therefor as wrongful occupants, by themselves or tenants, of lands belonging to the complainant; they were liable as trespassers and each or both could be sued by complainants for rents collected upon an implied contract, complainant waiving the tort.

(C)   If by any sort of reasoning the doctrine of "election of remedies" can be held to have any application to this case, the defendant's pleadings are insufficient to invoke the doctrine. If there be one principle which without exception is controlling on the subject of election of remedies it is this: "The election must have been made with full knowledge of the facts and the burden was on the defendant to aver in his pleadings and prove that complainant had full knowledge of the fact when he elected to sue Burrage." Both of these propositions are conclusively settled by a decision of this court, *Madden* v. *Louisville Etc. R'y Co.,* 66 Miss. 258, 277.

3.   Defendant's pleadings are insufficient to deny complainant relief, not only on the primary purpose and objection of the bill of complaint, but are insufficient as well to free McNeil from liability for rents.

The plea and answer admit that defendant collected rents on complainant's lands; while they do not specify the amount of rent collected by him, they do not deny the charge of the bill that he collected seven hundred and ten dollars as rents and therefore said charge and amount is admitted to be true.

The doctrine of election of remedies does not afford defendant shelter from liability. He collected rents from

complainant's lands. This is admitted. Burrage is liable to complainant for rents so collected by him as has been decreed in the suit to which he was a defendant. Both and each of them became so liable to complainant either as tort-feasors or by reason of contract. If, as tort-feasors, the complainant could have sued them jointly or severally. *Bailey* v. *Delta Etc., Co.,* 86 Miss. 634.

If defendant and Burrage were liable to complainant by reason of a contract, express or implied, the complainant could have sued them jointly or severally by virtue of the statute. Mississippi Code of 1906, section 2683.

The complainant is entitled, as we submit, to a final decree of this court confirming his title to the lands and cancelling the deed from Burrage to McNeil as a cloud on his title, and is also entitled on the face of the pleadings to a personal decree against McNeil for six hundred and seventy-five dollars with interest at six per cent. thereon from March 20, 1920, to date.

*Wells, Stevens & Jones,* for appellee.

Before taking up the propriety of filing both a plea and an answer we desire to emphasize the legal proposition already advanced in our statement of this case, that the final decree in the prior suit between Rives and Burrage was, and is, binding upon both the defendant Burrage and upon McNeil, who holds in privity of estate.

In 15 R. C. L. 468, the only question that could possibly be raised about the legal effect of the prior decree involving the title of Burrage, would be an inquiry as to the status of McNeil, or his relationship to the defendant Burrage. In the same volume of Ruling Case Law, par. 488, privity is defined as follows:

"As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property, and it is classified as privity in estate, privity in blood, and privity in law, in all of which kinds there must be an identity of interest. A privy in es-

tate is one who derives title to property from another. He comes in by succession to property by contract or law. To make one person a privy in estate to another, that other must be predecessor in respect to the property in question, from whom the privy derives his right or title. Examples of this class of privies are joint tenants, donor and donee, lessor and lessee, and successors in office. . . . All the authorities agree that a judgment is binding on one who is privy in estate to a party to the action. . . . The better rule appears to be that one claiming in privity with another, whether by blood, estate, or law, occupies the same situation with such other as to any judgment for or against him, and the record of the judgment is equally admissible as evidence against either." *Wilkinson et al.* v. *Lehman-Durr Co.,* 43 So. 857; *Lipscomb* v. *Postell,* 38 Miss. 476; *Womach* v. *City of St. Joseph,* 10 L. R. A. (N. S.), 140; Bigelow, Estoppel (5 Ed.), p. 142; *McDonald* v. *Gregory,* 41 Iowa 516.

We cite these authorities to the point that McNeil could at no time attack the judgment or decree heretofore rendered in *Rives* v. *Burrage,* but is bound by the former adjudication. This is true whether McNeil is a purchaser or lien holder.

It is further stated in 15 R. C. L., par. 503: "After a judgment has been rendered against the owner of property all persons who succeed to his title are bound by the judgment in so far as it affects such property. In such cases the purchaser is a privy by estate. So under the doctrine of *lis pendens* one purchasing property pending litigation concerning the title thereto, or the validity of a lien thereon, will take the property subject to the rights of the plaintiff as settled by the final decree or judgment of the court. A judgment is conclusive only between the parties and their successors in interest by title subsequent to the commencement of the action." *Alliance Trust Company* v. *Nettleton Hardwood Company,* 74 Miss. 584; *Taylor* v. *Trust Co.,* 71 Miss. 694 (15 So.) 121; *Smith* v. *Burns,* 72 Miss. 966.

We advance these authorities as showing perfectly that McNeil could not have claimed the land in controversy even if he had attempted so to do by proper pleading. No such defense was interposed in this case.

There is no personal liability on the part of McNeil.

The position as taken by learned counsel for appellant we assume, is that in some way Burrage and McNeil should be regarded either as tort-feasors, or should be held responsible jointly and severally. There could be no merit whatsoever in this connection. It was not a wrong for McNeil to take a mortgage on the land to secure his fee, and there is no showing whatsoever that McNeil contracted to pay these rents for Burrage, or to become personally responsible either to Burrage or Rives. But even if McNeil was personally liable to Burrage for rents, or otherwise, this would not make McNeil liable to Rives. McNeil had no contract express or implied with Rives. He was not doing business with Rives. He as solicitor, or attorney was dealing at arm's length with Rives. Even though McNeil had rented this property from Burrage pending litigation, this liability would be to Burrage and not to Rives, and the latter would have no claim whatsoever against a sub-tenant, unless it could be brought under our broad statute giving a landlord's lien, and no such contention was made by the bill, or in the trial court. Besides this lien would have to be against growing crops, and here we have a house and lot and no crops. In other words, may it please the court, there was no obligation, either by contract or by law, whereby McNeil owed Rives anything, or became bound for anything.

It was permissible for McNeil to file both a plea and an answer. 21 Corpus Juris, p. 457.

Now in the case at bar it was proper for the answer to bring forward the affirmative allegation that the deed mentioned by the complainant in his bill was not intended to be a conveyance of the fee simple title, but merely a mortgage. The answer was filed to show the true nature of the transaction, and went to support the plea. The

plea presented a proper bar to this suit. It plead the former adjudication, and the circumstances surrounding it, and showed affirmatively that the complainant had already sued for and obtained his rents against Burrage.

The bill in this case could not be maintained for the reason that the court in the former suit of *Rives* v. *Burrage* retained jurisdiction, "for all purposes incident to an enforcement of this, the sixth paragraph of this decree," adjudging rents against Burrage, the same rents here sued for.

Appellee McNeil was not a tenant, and therefore under no possible theory could he be held personally responsible for rents.

Learned counsel admit in their brief that McNeil was a mortgagee in possession. We do not admit that McNeil was in possession, and the record does not show he was in possession. He was a mortgagee, but not a mortgagee in possession.

Furthermore the mortgagee in Mississippi is not entitled to possession until condition broken. This is not only the Mississippi case law on this subject but is also statutory law. Under the express provisions of section 2283, Hemingway's Code (section 2779, Code of 1906.) Mr. POMEROY, in discussing the right of the mortgagee to possession, par. 1187, Vol. 3 (4 Ed.), states the Mississippi rule on p. 2800. *Buckley* v. *Daley,* 45 Miss. 338; *Carpenter* v. *Bowen,* 42 Miss. 28; *Buck* v. *Payne,* 53 Miss. 271.

The complainant was not entitled to file a bill to cancel the deed held by McNeil without making a formal demand on McNeil for a reconveyance, or quitclaim.

The slightest inquiry would have developed the fact that McNeil was not claiming to be the owner of the premises, and therefore there was no cloud upon the title. We respectfully submit that no complainant has a right to come into equity and involve a defendant in costs on the theory that the defendant is asserting some claim to land, without giving the defendant an opportunity to disclaim or refute any claim of ownership in the premises. The

equity of this rule is shown in the case at bar. The main contention on this appeal is that the court below should have awarded a decree cancelling the deed as a cloud. As a matter of fact there was no cloud. McNeil files a disclaimer, and his answer operates as a quitclaim, and forever estops him from asserting any claim to the land. The utmost the court could do on this appeal would be to modify the decree of the learned chancellor, and formally to adjudicate that McNeil's deed should be cancelled, or in other words solemnly go through the forms of law to adjudicate what the court has already heretofore, in *Rives* v. *Burrage,* adjudicated that Rives is the owner of the premises. It would be manifestly unfair to involve McNeil in court costs on such a fine-spun theory, and on a principle so shadowy. It is perfectly obvious that the purpose of this suit was to hold McNeil personally responsible for rents.

The amendment asked for and denied was immaterial and would not change the character of the suit. Even if Burrage is insolvent that would not make McNeil personally responsible for Burrage's debts. Furthermore the application for the amendment came too late, and the whole question of amendment was within the sound discretion of the court. No litigant has a right to play hide and seek with the court. The very doctrine of election of remedies is bottomed upon the requirement that the litigant must elect his remedy and consistently pursue that remedy. Rives elected to hold Burrage responsible for the rents, and under the law defining and regulating election of remedies, he is bound by the suit heretofore filed and the judgment heretofore obtained.

On the whole record the right result was reached in the court below and the case should be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

Appellant filed a bill against appellee, charging that in a certain suit styled *H. W. Rives* v. *F. D. Burrage,* com-

plainant had litigated with Burrage his rights to certain property involved in this suit and obtained a decree adjudicating the title to be in the complainant Rives, and had Burrage's title to said lands in said suit canceled; that pending said suit Burrage conveyed to McNeil a portion of the property involved in that suit, and that McNeil had collected certain rents from said lands, and had obtained a deed thereto from Burrage which constituted a cloud on the title of complainant; that the amount of rents collected by McNeil was six hundred and seventy-five dollars, and that McNeil had paid certain taxes on said land, which complainant was willing should be deducted from the six hundred and seventy-five dollars rent collected by McNeil; and prayed for, first, a cancellation of McNeil's deed from Burrage, and, second, for a personal judgment against McNeil. A copy of the decree in the case of *Rives* v. *Burrage* was made an exhibit to the bill, and shows that personal judgment was rendered against Rives for said rent, and reserved jurisdiction for the purpose of an accounting as to rents in that suit. The deed to McNeil was also made an exhibit, and shows on its face that the deed was taken for fees due McNeil and Loeb as attorneys in said suit, together with one hundred dollars recited as cash consideration. The deed was absolute in form, and purported to convey the fee-simple title. McNeil, the defendant, filed a plea in which he averred that he took said deed merely as a mortgage, and that he had collected rents as agent of Burrage, and had accounted to Burrage therefor. He also set up the suit of *Rives* v. *Burrage* with the judgment therein, and that this operated as an estoppel in the present suit, that complainant in said suit elected to pursue his remedy against Burrage to final judgment, and that that judgment embraced the same subject-matter as the present suit, and makes the opinion of the chancellor in the suit of *Rives* v. *Burrage,* with the judgment therein, an exhibit to his plea, which opinion shows that McNeil had collected six hundred and twenty-nine dollars and forty-five cents rents on the property involved, and that other ten-

ants of other property had paid certain rents, and. held Burrage liable for such rents so collected. The plea was accompanied by an answer, in which McNeil disclaims any ownership of the property involved since the rendition of the decree in the Burrage case, and .avers that said deed was only taken as security for fees in said case, and that McNeil was the agent of Burrage in collecting rents, and had accounted to him for such rents; that McNeil had ad- vanced to Burrage at the time the deed was executed one hundred dollars, and that McNeil had used all the money received by him in payment of taxes and in preserving said property and estate; that he held said property in trust for the benefit of Burrage, and offered in said answer to quitclaim to complainant his right, title, and interest in said property. The answer was sworn to. The plea was set down for hearing on its sufficiency in law, and was adjudged sufficient, and complainant's bill dismissed. Af- ter the dismissal of the bill complainant offered to amend his bill by adding:

"Complainant further shows and charges that he re- covered a decree made by this court on the —— day of ——, 1921, against F. D. Burrage for rent of the same property named herein for the sum of six hundred and twenty-nine dollars for the same rents sued for in this case, but that said F. D. Burrage is wholly insolvent, and not one cent of said decree has been or ever can be collected out of him, and said charge against said Burrage is still wholly un- satisfied and unpaid, and the only means by which it can be collected is in this suit against M. S. McNeil for the time named herein, and on information derived from Bur- rage under oath as a witness complainant charges that the defendant herein collected all said rents, amounting to six hundred and twenty-nine dollars after paying taxes, and appropriated the same to his own use"—which amendment the court disallowed.

It is contended here that the court below erred in two respects: First, in refusing to cancel McNeil's title as a cloud; and second, in refusing to render a personal decree

against McNeil for the rents stated. Appellee insists that his offer to quitclaim to complainant any title he may have received from Burrage being made in the answer under oath would forever estop McNeil from claiming said property, and the court is not in error in refusing to cancel under such circumstances. As to the second proposition appellee insists that complainant elected in the former suit to proceed against Burrage with knowledge of all the facts, and is limited to his recovery against Burrage, and is estopped from proceeding against McNeil. We think the court below should have entered a decree cenceling McNeil's claim or deed, although McNeil offered to quitclaim his title in his answer; the rights of McNeil under his deed from Burrage having been acquired during the pendency of the suit between Rives and Burrage, and McNeil being of counsel in said suit and knowing the rights of Rives would be concluded by said decree. *Bank of Tupelo* v. *Motley,* 90 So. 438, and other authorities therein cited. Notwithstanding this is true, the deed, being of record and purporting to convey a fee-simple title, would be subject to cancellation, and the court below should have canceled it. *Drysdale* v. *Biloxi Canning Co.,* 67 Miss. 534, 7 So. 541.

We think, however, the chancellor was correct in refusing to render a personal decree against McNeil for the rents for which complainant had obtained judgment against Burrage. *Murphy* v. *Hutchinson,* 93 Miss. 643, 48 So. 178, 21 L. R. A. (N. S.) 785, 17 Ann. Cas. 611. The authorities upon the question here involved were reviewed by this court elaborately in said opinion, and we think it is conclusive on the facts in this case. It follows therefore that the judgment of the court below will be reversed in part and affirmed in part, and the costs be divided equally between appellant and appellee, and judgment rendered here.

*Reversed and rendered.*