RUBENSTEIN *v.* FOOTE-PATRICK Co.*

(Division B.    Jan. 9, 1928.)

[115 So. 194.    No. 26,819.]

1. FRAUDULENT CONVEYANCES. *Sale in violation of Bulk Sales Law does not prevent recovery on note for purchase price (Hemingway's Code 1927, section 3335).*

Sale in violation of Bulk Sales Law (Laws 1908, chapter 100, section 1 [Hemingway's Code 1927, section 3335]) does not prevent recovery on note given for the purchase price; the statute merely declaring the sale void against seller's creditors, and having nothing to do with buyer's liability to seller for the purchase price.

2. Justices of the Peace. *One having notes of same person maturing at different times may sue separately thereon in justice court, though together they are enough for circuit court jurisdiction.*

One having several notes of the same maker maturing at different times has separate causes of action, so that, without being guilty of splitting his demands in fraud of the jurisdiction of the circuit court, he may sue thereon separately in justice court; the notes being separately insufficient, though together sufficient, for jurisdiction of the circuit court.

*Corpus Juris-Cyc. References: Fraudulent Conveyances, 27CJ, p. 887, n. 99; Justices of the Peace, 35CJ, p. 523, n. 41. As to validity of sale made in violation of "Bulk Sales Law" see annotation in 39 L. R. A. (N. S.) 374; 5 A. L. R. 1517; 12 R. C. L. 525; 2 R. C. L. Supp. 1444; 5 R. C. L. Supp. 649; 6 R. C. L. Supp. 713.

Appeal from circuit court of Greene county.
Hon. J. D. Fatheree, Judge.

Action by the Foote-Patrick Company against Jake Rubenstein. From judgment for plaintiff on appeal from justice court, defendant appeals. Affirmed.

*E. W. Breland,* for appellant.

I. First we call the court's attention to the Bulk Sales Law of the state of Mississippi, Hemingway's Code 1917, section 3129, Hemingway's Code 1927, section 3355. See, also, *Peters Banch International Shoe Co.* v. *Gunn,* 121 Miss. 679, 83 So. 742; *Dean* v. *Bowles,* 110 Miss. 575, 70 So. 693. It is obvious that the said sale of merchandise for which the notes in question here were given was absolutely void and fraudulent.

II. "The courts cannot be hampered and parties cannot be burdened by undue and unnecessary splitting up

149 Miss.—9.

of demands, where separate and numerous trials, will involve the same questions of law and fact, the repetition of the same evidence and a multiplicity of suits." There are a number of cases so holding. *Pittman* v. *Christman,* 59 Miss. 124; *Griffin* v. *McDaniel,* 63 Miss. 121; *McLendon* v. *Pass,* 66 Miss. 110, 5 So. 234; *Railroad Co.* v. *Payne,* 92 Miss. 126, 45 So. 705.

*J. W. Backstrom,* for appellee.

I.    All sales of merchandise in bulk are not void and such sales are fraudulent and void as against the creditors of the sellers and such sales cannot be questioned except, by a creditor of the seller and then only when the seller and the purchaser does not comply with the provisions of the Bulk Sales Law. *Peters Branch International Shoe Co.* v. *Gunn,* 121 Miss. 679, 83 So. 742, and *Dean* v. *Bowles,* 110 Miss. 575, 70 So. 693, are not authorities for appellant's contention but really support our contention.

II.    We do not contend that a single cause of action can be split up into several causes of action in order to give a justice court jurisdiction, but, that is not the case here.    The appellee had several promissory notes all executed by Rubenstein and payable to Byrd, and it is true that all of these notes could have been joined together in one cause of action in the circuit court, and, it is also true, that several suits could be brought in the justice court. *Pittman* v. *Chrisman,* 59 Miss. 124, cited by appellant is not applicable. *Griffin* v. *McDaniel et al.,* 63 Miss. 121, cited by appellant, was an action in the circuit court to recover on a fixed demand and as there was no uncertainty as to the amount of the demand the court held that the circuit court did not have jurisdiction. *McLendon et al.* v. *Pass,* 66 Miss. 110, 5 So. 234, cited by appellant, is authority for appellee. *Railroad Co.* v. *Payne,* 92 Miss. 126, 45 So. 705, is a case where the railroad company killed two mules at the same time, and two suits were filed in the justice court for each mule, and

the court held that this was splitting a cause of action, because, both mules were killed by the same train at the same time and in the same accident. In the above case, the defendant did nothing to give the plaintiff the right to split the cause of action, but in the case at bar, the execution of the notes gave the holder thereof the right to split the cause of action. *Drysdale* v. *Biloxi Canning Factory,* 7 So. 541, 67 Miss. 534, is to our minds conclusive and settles this proposition in our favor.

ANDERSON, J., delivered the opinion of the court.

Appellee, Foote-Patrick Company, brought this action against appellant before a justice of the peace of Greene county on two promissory notes of fifty dollars each, payable to the order of T. B. Byrd, which appellee had purchased in due course for value without notice of any defense thereto which might have existed between appellant and the payee therein. There was a judgment in favor of appellant, from which appellee appealed to the circuit court of Greene county. There was a trial in that court on the pleadings alone, resulting in a judgment in favor of the appellee. From that judgment appellant prosecutes this appeal.

The case is embodied in appellee's declaration, appellant's two special pleas thereto, and appellee's demurrers to such special pleas. The following is deemed a sufficient statement of the case to develop the questions decided: T. B. Byrd was a merchant, with a stock of goods, wares, and merchandise. He sold his stock of goods for three hundred fifty dollars to the appellant, for which the appellant executed his five promissory notes of fifty dollars each, dated January 7, 1926, each payable at a different future date. These notes were payable to the order of T. B. Byrd. Before maturity, appellee purchased all of these notes in due course, paying value therefor. At the time of the purchase appellee had no notice of any defense to the notes which might have existed be-

tween the maker thereof and the payee therein. Instead of waiting until all of the notes matured, and suing thereon in the circuit court, appellee brought three separate suits against appellant on the notes as they matured before a justice of the peace.

Appellant, by his special pleas, sets up two defenses: (1) That the consideration for the notes was the sale of a stock of goods, wares, and merchandise, in violation of the Bulk Sales Law (chapter 100, section 1, Laws of 1908 [Hemingway's Code 1927, section 3335]), and that therefore the notes were fraudulent and void, and for that reason there could be no recovery thereon; and (2) that this action was brought in fraud of the jurisdiction of the circuit court; that appellee should have originally brought his action in the circuit court on all seven of the notes, the aggregate face value of which was three hundred fifty dollars; that therefore the justice of the peace before whom this action was brought was without jurisdiction, and it follows that the circuit court was without jurisdiction on appeal. The bulk sales statute is in this language:

"A sale of any portion of a stock of merchandise, otherwise than in the ordinary course of trade, or in the regular and usual prosecution of the seller's business, and a sale of an entire stock of merchandise in gross, shall be presumed to be fraudulent and void as against the creditors of the seller, unless, at least five (5) days before the sale:

"(a) The seller shall have made a full and detailed inventory, showing the quantity, and, so far as can be done by the exercise of reasonable diligence, the cost price to him of each article sold; and

"(b) The purchaser shall have in good faith made full and explicit demand of the seller for the name, place of residence and business and post-office address of each of his creditors, and the sum due each, and to which demand the seller shall have made full and truthful written answers; and

"(c)  The purchaser shall have in good faith notified personally or by mail each of the seller's creditors, of whom he has knowledge, or with the exercise of reasonable diligence could have acquired knowledge, of the proposed sale and if the cost price of the merchandise proposed to be sold and of the price to be paid therefor by the proposed purchaser."

It will be observed from the statute that a sale of a stock of merchandise, made in violation of its terms, is declared to be void as to the creditors of the seller. It is creditors, and creditors alone, who can take advantage of the provisions of the statute. The statute was enacted for their benefit. It has nothing to do with the question of the liability of the purchaser of a stock of goods to the seller thereof for the purchase price. Under the statute a sale of goods, wares, and merchandise is valid as to all other persons except the creditors of the seller. As to them alone it is fraudulent, if the statute is violated. The statute will not be extended beyond its language and purpose. The statute imposes certain obligations, both on the seller and the purchaser. If the statute is not complied with, one is as much to blame as the other, and neither can take advantage of such failure as between them.

We do not think there is any merit in the contention that appellee, in bringing this action, was guilty of splitting its demands so as to defraud the circuit court of its jurisdiction. We think the case of *Drysdale* v. *Biloxi Canning Factory,* 67 Miss. 534, 7 So. 514, is conclusive of this question against appellant's contention. In that case the canning factory held two bills of exchange, one for one hundred forty-seven dollars and fifty cents and the other for one hundred forty-seven dollars and fifty-five cents maturing at different times. The holder of the bills of exchange brought two separate suits on them before a justice of the peace. In discussing this question the court said:

"It is assigned for error that the justice of the peace, in the original suits, was without jurisdiction, and that its judgments were therefore void. It is asserted by appellant's counsel that both debts, evidenced by the separate bills of exchange, being due, and both aggregating a sum exceeding one hundred fifty dollars, they could be the basis of but one attachment suit, and that such suit was triable only in the circuit court. While the aggregate of the two debts exceeds one hundred fifty dollars, as stated by the counsel, yet the amount of each debt or demand does not exceed one hundred fifty dollars. This was clearly an instance of the creditor having two separate, distinct causes of action. There was not one cause of action, made up of several items. It was not a case of cutting up one cause of action, whereby several suits were improperly made possible, by reason of thus dividing up the items in one original cause of action. There were two bills of exchange, accepted at different times, maturing at different times, and for different amounts, and they were indubitably suable at different times. The creditor might have sued upon both in one action in the circuit court, if he had so elected; but it is impossible to see why he should not be permitted to sue separately, in any appropriate form of action that would most surely and most quickly enable him to collect his debt, in any court having jurisdiction of each separate demand. We are of opinion, then, that the justice had jurisdiction of the suits. *McLendon* v. *Pass,* 66 Miss. 110, 5 So. Rep. 234."

*Affirmed.*