Rosso *v.* New York Life Ins. Co.

(Division B. May 19, 1930.)

[128 So. 343. No. 28715.]

470

See, also, 154 Miss. 196, 122 So. 382.

Jones & Stockett, of Woodville, for appellant.

A. H. Longino and L. C. Hallam, both of Jackson, for appellee.

Argued orally by **P. M. Stockett** and **A. H. Jones**, for appellant, and by **L. C. Hallam**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellant was plaintiff in the court below and filed a declaration against the New York Life Insurance Company in which it was alleged that on the 21st day of December, 1926, the New York Life Insurance Company, in consideration of the sum of twenty-five dollars and seventy cents, then and there paid to it in advance, and which sum was included in and payable with a certain premium of insurance on the life of one Salvatore Rosso

bearing even date therewith, the said policy of insurance on the life of said Salvatore Rosso being numbered 9602134, agreed, promised and contracted with said Salvatore Rosso, that it would pay to the said Salvatore Rosso a monthly income of $100 and to waive payment of the premiums under the said policy upon receipt of due proof that the said Salvatore Rosso, the insured, was totally and presumably permanently disabled before the age of sixty, and in said agreement, promise, and contract further agreed, promised, and contracted:

That any disability benefit due but unpaid at the time of Salvatore Rosso's, the insured's, death should be payable to the person entitled to the proceeds of the policy.

That in the said policy of insurance, and of which the said agreement, promise, and contract as to the payment of said monthly income of one hundred dollars was a part, this plaintiff, being the wife of the said Salvatore Rosso, the insured, was named and appointed the sole and only beneficiary, and is the only person entitled to the proceeds of said policy.

That Salvatore Rosso, the insured, is now dead, and by his last will and testament, duly admitted to probate in the chancery court of Wilkinson county, said state, made and constituted the plaintiff, being his widow, his sole and only legatee, devisee, and inheritor of any and all property owned by him at the time of his death. That, after the payment of the said premium to the defendant and while the said policy of insurance, and agreement and promise to pay the monthly income of one hundred dollars was in full force and effect, Salvatore Rosso, became so disabled by bodily injury or disease that he was wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit. That the said disability occurred after the said policy took effect and before the anniversary of the policy on which the

insured's age at nearest birthday was sixty. That upon the application of the said Salvatore Rosso, the insured, to the defendant for the payment of the monthly income of one hundred dollars, as agreed, the defendant fraudulently and illegally attempted to cancel and annul the said policy and refused to pay the said monthly income, or any part thereof, and fraudulently and illegally attempted to claim that said policy, agreement, and contract had never been in force, and was not enforecable. That, due to the fraudulent and illegal action of the defendant, the said Salvatore Rosso, the insured, was unable to make and supply to the defendant the said due proof of said total and presumably permanent disability.

That under the terms of the policy, agreement, and contract in the month of January, 1927, the said Salvatore Rosso became totally and presumably permanently disabled, and remained in such condition of total disability caused by bodily injury or disease, so that he was wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration, from said month of January down to the 28th day of October, 1927, when said Rosso, by reason of said bodily disease, died.

She averred that the total period of such disability was the period of ten months, whereby the said defendant, under the said contract and agreement, was liable to pay said Rosso, the insured, the said sum of one thousand dollars; that during the period of disability Rosso paid the semi-annual premium of the sum of four hundred eighty-eight dollars and twenty cents, and included in which was the said sum of twenty-eight dollars and seventy cents, for the disability benefit so promised, agreed, and contracted to be paid; that in said agreement, promise, and contract it was a part that said defendant would waive and excuse the payment of said premium during the period of continuous total disability, and that at the time of said payment he was in said condition

of continued total disability under the terms of the contract; that, at the time of the death of the said Rosso, the insured, there was due and payable to him the total sum of one thousand four hundred eighty-eight dollars and twenty cents; and that, under the provisions and terms of his last will and testament and by the terms of the said agreement and contract, the amount of disability benefits aforesaid was due and unpaid, and remained unpaid at the death of said Rosso, and was now payable to plaintiff—wherefore she demanded judgment for said amount..

The defendant filed the plea of general issue and several special pleas setting up the sections of the policy sued upon, for reasons immaterial to state here, and also filed a plea of res adjudicata in which it was alleged that the plaintiff ought not to have any recovery in this cause of action because on or about the 31st day of January, 1928, she (Concitinna Rosso) impleaded the New York Life Insurance Company, this same defendant, in the circuit court of Wilkinson county, the same court in which this action is now pending and which was a court of competent jurisdiction, and then and there had jurisdiction of the parties and the subject-matter, in an action on the identical policy of insurance here sued on, and therein sought to recover the sum of ten thousand dollars the face value of said policy, with interest, and the further sum of two thousand five hundred dollars as additional damages, making a total of twelve thousand five hundred dollars, and such proceedings were thereupon had in that action that afterwards at the October, 1928, term of said circuit court of Wilkinson county, Mississippi, by the consideration and judgment of said court, the plaintiff recovered judgment against this defendant for the sum of ten thousand dollars, with interest thereon at six per cent per annum from the 26th day of October, 1928, the date of said judgment, as well as all costs of court in that behalf expended, whereof the defendant was convicted,

as by the record thereof still remaining in the same court more fully appears, which said judgment was thereafter, on appeal by this defendant to the Supreme Court of Mississippi, affirmed, and was thereafter paid and satisfied in full by this defendant; and this defendant further says that all amounts payable under the policy of insurance here sued on were due at the time of the institution by plaintiff of the aforesaid former suit against this defendant, and the disability benefits now sued for in this action should and could have been sued for and claimed in said former action, and the plaintiff will not be permitted to split her cause of action; and the defendant now pleads said former judgment in said former action as res adjudicata of this action; and this the defendant is ready to verify by the said record.

There is also another plea of res adjudicata as to the premium paid for upon the disability portion of the policy, and the plea of res adjudicata as to the payment of the premium paid by Salvator Rosso on the full policy. The plaintiff demurred to the plea of res adjudicata, and the demurrers were overruled by the court below. Thereupon the plaintiff filed the following replication to the plea of res adjudicata: "And now comes the plaintiff by her attorneys, and for replication to the plea of res adjudicata filed herein on October 28, 1929, by defendant, and says she ought not to be barred from having and maintaining her said action by reason of anything in said plea of res adjudicata, because she says in her former suit mentioned in said plea and being a suit solely on the policy of insurance on the life of said Salvatore Rosso, the insured, she did not, should not and could not have sued for and claimed the disability benefits and premium now sued for and claimed in this action and that she did not and has not split her cause of action. And of this she puts herself upon the country."

A similar replication was filed to each of the pleas of res adjudicata.

It was then agreed between counsel and the court that the cause be tried by the court, and the jury waived. It was further agreed that the plaintiff in the case of Concitinna Rosso v. New York Life Insurance Company, No. 1975 of the docket of the circuit court of Wilkinson county, and the plaintiff in the present case are the same person, and that the defendant in the present suit, is the same corporation that was defendant in that cause; that the policy of insurance attached to the declaration in this case as an exhibit and which forms a basis to this case is the identical policy of insurance which was attached to the declaration in the former cause as an exhibit and the basis of that action. The plaintiff contends, however, that the said policy contains two separate contracts, one of which was sued on in the former suit and the other of which is sued on here, and plaintiff contends that the contract sued on the former cause was a life insurance policy or contract, and the contract sued on in the present suit is for the disability benefit or indemnity contract. It was further agreed that the court had jurisdiction of the parties and subject-matter in the aforesaid former action and that similar judgment was rendered in that action in favor of the plaintiff which was appealed to the Supreme Court of Mississippi, and by that court affirmed, and that the said judgment has been paid. The pleadings, etc., in the former suit were offered in evidence and the testimony therein contained also offered on the said plea.

It was further agreed that, should this case be appealed to the Supreme Court from the judgment rendered here, the clerk need not copy any part of the record in the former cause which had been copied in the record of the Supreme Court in said cause No. 27817, on the docket of the Supreme Court, but that said record be taken as part of the record in this cause, and the mandate of the Supreme Court to the court below was also offered on the hearing of the pleadings herein. It was further agreed that Salvatore Rosso, the insured, under

the policy here sued on, is the same Salvatore Rosso named in the policy and cause before litigated, and the said former suit was filed on or about January 21, 1928, and that the final judgment was rendered on or about October 26, 1928; and further that the premium of four hundred eighty-eight dollars and twenty cents sued for in the present action is the same premium which the evidence in the former suit showed was paid by Salvatore Rosso during June, 1927, and that said premiums`there due, if due at all, were due and payable at the time of the institution of the former suit.

The court sustained the defendant's pleas of res adjudicata and dismissed the suit, from which this judgment was appealed.

It is the contention of the appellant that, although the disability benefits now sued for were provided for in the policy of life insurance constituting the basis of the former action, it was a separate and distinct cause of action and was not sued for in the former suit, that suit being only for the amount of life insurance payable to the plaintiff as beneficiary under the policy; that the disability benefit here sued for inured to the benefit of the insured, Salvatore Rosso, during his life and was supported by a different consideration having a specifically separate premium and accruing on different conditions from the life insurance policy, and which might be subject to different defenses; that the two claims constituted separate causes of action, and that it does not preclude the plaintiff from recovering on the present case on the disability benefits because the same was not a part of the former action. The appellant relies principally upon the case of Chattanooga Sewer Pipe Works v. Dumler, 153 Miss. 276, 120 So. 450, 62 A. L. R. 999, to sustain its contention. In that case, at page 452 of the Southern Reporter, the court said:

"The appellee next contends that the proceeds of this judgment against the insurance company are exempt under and by virtue of the provisions of chapter 186 of the

Laws of 1922 (section 1893, Hemingway's 1927 Code), which reads as follows:

" 'The proceeds of a life insurance policy not exceeding five thousand dollars payable to the executor, or administrator of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent, except premiums paid on the policy by any one other than the insured for debts due for expenses of last illness and for burial; but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand dollars and the excess of the latter only shall be exempt. But no fee shall be paid or allowed by the court to the executor or administrator for handling same.' "

The court then reviewed the statute and decisions bearing upon the controversy of exempting proceeds of insurance, and then said: "In the case at bar, the money involved is in no proper sense the proceeds of a life insurance policy. It is true that it arises out of one of the provisions of a policy of insurance on the life of the appellee, but this provision is a contract of indemnity wholly separate from the contract to pay a fixed sum upon the death of the insured. The statute provides that the proceeds of a life insurance policy payable to the executor, or administrator, of the insured shall inure to the heirs or legatees freed from all liability for the debts of the decedent. In the contract of insurance upon which the appellee recovered, the life insurance is payable to the executor, administrator, or assigns of the decedent, while the disability benefit is payable to the insured. In this contract of insurance, a separate premium of thirty-eight dollars for the disability benefit is fixed and named. The life insurance went into effect upon the delivery of the policy, while the disability benefit was payable one year after the anniversary of the policy next succeeding the receipt of proof that the insured had become wholly disabled by bodily injury or disease so that he was per-

manently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability had existed for not less than sixty days. The indemnity benefit terminated when the insured reached the age of sixty years, while there was no such limitation on the life insurance. It was expressly provided that payments made under the disability contract should not alter or reduce the amount payable under the life insurance clause in any settlement of the policy. It thus appears that this contract of insurance contains two wholly separate contracts, one of life insurance, and the other a contract of indemnity against total and permanent physical disability, and that payments made under the latter contract in no wise affected the rights of the heirs and legatees of the insured, which are protected by the provisions of this statute. We therefore conclude that the proceeds of the judgment recovered by appellee under this disability benefit were not exempt from the garnishment, and that, since the writ of garnishment was levied more than four months prior to the date the appellee filed his petition in bankruptcy, the appellant is entitled to recover out of the funds paid into the court the full amount of its judgment, unless the funds so recovered from the insurance company are subject to a prior lien in favor of the attorneys for services rendered 'in the suit against the insurance company."

So it appears here that there were two separate contracts embraced in the policy of insurance for which different premiums were paid. Under the allegations of the declaration, the disability benefits had accrued to Salvatore Rosso during his lifetime, and he had a right of action against the company, therefore, prior to his death. It is true that on his death, by the terms of the policy, the right of action then vested in the beneficiary of the policy, who was plaintiff in this case; but the right of action existed prior to the accrual of the liability under the life insurance policy and constituted a separate

cause of action. Our court has held, in cases involving the jurisdiction of justices of the peace, that, where there is a series of notes given by a maker to a payee maturing at different dates, the maker may sue upon either one of them separate and apart from the others, although more than one note has become due at the time of the filing of the suit; in other words, that each note in such case constitutes a separate cause of action, and it is not splitting a cause of action to sue upon one or more of them in a justice court although others are due and subject to suit. Drysdale v. Biloxi Canning Co., 67 Miss. 534, 7 So. 541; Rubenstein v. Foote-Patrick Co., 149 Miss. 128, 115 So. 194.

In the last case cited, in the second syllabus, it is said: "One having several notes of the same maker maturing at different times has separate causes of action, so that, without being guilty of splitting his demands in fraud of the jurisdiction of the circuit court, he may sue thereon separately in justice court; the notes being separately insufficient, though together sufficient, for jurisdiction of the circuit court." In the course of the opinion, the court said: "We do not think there is any merit in the contention that appellee, in bringing this action, was guilty of splitting its demands so as to defraud the circuit court of its jurisdiction. We think the case of Drysdale v. Biloxi Canning Factory, 67 Miss. 534, 7 So. 541, is conclusive of this question against appellant's contention. In that case the canning factory held two bills of exchange, one for one hundred forty-seven dollars and fifty cents and the other for one hundred forty-seven dollars and fifty-five cents, maturing at different times. The holder of the bills of exchange brought two separate suits on them before a justice of the peace." In the latter case it was the contention, after both the bills of exchange were past due and payable, that they should have been joined in one suit, and that the justice court had no jurisdiction. This court, in discussing the question, said:

"It is assigned for error that the justice of the peace, in the original suits, was without jurisdiction, and that its judgments were therefore void. It is asserted by appellant's counsel that both debts, evidenced by the separate bills of exchange, being due, and both aggregating a sum exceeding one hundred fifty dollars, they could be the basis of but one attachment suit, and that such suit was triable only in the circuit court. While the aggregate of the two debts exceeds one hundred fifty dollars, as stated by counsel, yet the amount of each debt or demand does not exceed one hundred fifty dollars. This was clearly an instance of the creditor having two separate, distinct causes of action. There was not one cause of action, made up of several items. It was not a case of cutting up one cause of action, whereby several suits were improperly made possible, by reason of thus dividing up the items in one original cause of action. There were two bills of exchange, accepted at different times, maturing at different times, and for different amounts, and they were indubitably suable at different times. The creditor might have sued upon both in one action in the circuit court, if he had so elected; but it is impossible to see why he should not be permitted to sue separately, in any appropriate form of action that would most surely and most quickly enable him to collect his debt, in any court having jurisdiction of each separate demand. We are of opinion, then, that the justice had jurisdiction of the suits. McLendon v. Pass, 66 Miss. 110, 5 So. 234."

It appears here that there are two separate causes of action, and that these authorities support the appellant's contention that separate suits could be maintained. As stated above, the cause of action against the company accrued prior to the death of Salvatore Rosso, and he could have sued when the first monthly compensation was due. After his death it is true the cause vested in the beneficiary, but that would not make it one cause of action. The obligations spring from different sources although embraced in one contract. In other words, the

policy constitutes two separate contracts, one of which does not depend upon the existence of the other.

It follows from our views that the court below was in error in sustaining the pleas of res adjudicata, and the judgment will be reversed and the cause remanded for a new trial.

Reversed and remanded.